# THE PEOPLE OF THE STATE OF ILLINOIS

*v.*

# JOHN YOUNG.

1. PAROL EVIDENCE—*to explain an apparent variance.* In a suit against one for obstructing a public highway, where there is an apparent variance between the description of the road in the notice to the defendant to remove obstructions, and in the declaration, it is competent to prove by parol that such variance is only apparent, and that the description is, in fact, the same.

2. PLEADING — *when misdescription treated as surplusage.* In a suit for obstructing a public highway, any general description of the road, with a minute description of the part obstructed, is sufficient, and any variance in the general description of the road as given in the declaration from that given in the notice to remove the obstruction, which only affects the course of the road at some point other than the place where the obstruction is, is immaterial. It is sufficient if the description of the part of the road obstructed is the same in the notice and declaration, and any variance in the description as to some other part may be treated as surplusage.

3. OBSTRUCTING HIGHWAY—*building and refusing to remove obstructions are different and distinct offenses.* Obstructing a public highway by building a fence therein, is one offense, and refusing to remove a fence which was in the road when it was laid out, is a different and distinct offense.

4. PENALTY—*suit for, in whose name to be brought.* Where a statute does not, in terms, declare in whose name a suit shall be conducted for the recovery of a penalty for its violation, but declares that the offender may be indicted or sued before a justice of the peace, as all indictments run in the name of the people, it follows that the suit must be in the name of the people.

5. JURISDICTION OF CIRCUIT COURT—*can not be affected by legislation when conferred by the constitution.* The fact that a statute declares that a party may be indicted or sued before a justice of the peace for obstructing a public highway, can not in anywise deprive the circuit court of jurisdiction in such case, as that is conferred by section 12, article 6, of the constitution.

6. HIGHWAYS—*in counties not under township organization, refusal to remove obstruction no offense.* There is no law, in relation to counties not under township organization, which makes it an offense for a person to fail or refuse to remove obstructions that may be in the line of a road at the time it is located and established.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

Mr. W. W. WILLIARD, and Mr. D. C. JONES, for the appellant.

Mr. B. B. SMITH, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action, in the name of the people, on the complaint of Levi Fellenbaum, against appellee, for obstructing a public highway. The record shows that a petition was presented to the county court of Marion county, for the location and opening of a new road. The petition was presented at the September term, 1866, and commissioners were appointed to view the road, and report. At the December term, 1866, the commissioners' report was made to the court and accepted, and the road ordered to be opened, and commissioners were appointed to assess the damages sustained by reason of opening the road. The report found that appellee, over whose land the road was located, had sustained no damage. He prosecuted an appeal to the circuit court, where he recovered a judgment for $200, which was paid to and accepted by him; but he failed to remove his fence, after a notice was served on him by a justice of the peace of the county, and this suit was brought, and, on a trial in the court below, the court refused to permit plaintiff to read the notice in evidence, on the ground of a variance in the description, when plaintiff offered to prove, by parol, that there was, in fact, no variance, but the court rejected the evidence, and instructed the jury to find for defendant, which was done, and a judgment was rendered against the plaintiff.

The question presented for our consideration is, whether there was such a variance between the notice and declaration as to prevent its being read in evidence, and if there was, whether the court erred in excluding the offer to prove, by parol, that the descriptions were, in fact, the same. If there was an apparent variance between the declaration and notice, we can perceive no reason why, if the description was, in fact, the same, it might not be shown by parol evidence; but we are not prepared to hold that there is a variance in fact, as the description in the declaration is of a road starting at a point in the Salem and Central City road, where the same is intersected by the section line between sections 20 and 21, running thence south on that line "to a point where said section line intersects the Fairfield and Central City road at the corner of sections 4 and 5," in the township south. This was the description of the road petitioned for in the first place, and the order establishing the road describes it as originally described in the petition. The notice follows the same description until it reaches the township line, and then describes it as running west 8 chains and 13 links, thence south to the corner of sections 4 and 5.

All the descriptions embrace appellee's land on section 21, where the obstruction is claimed to exist. Had the notice only described the portion of the road obstructed as a part of the road from Salem to Central City, and to the Fairfield and Central City road, and the obstructed part being on the southwest of section 21, it would have been sufficient, or any other general description of the road obstructed would have been all that is required, if it had minutely described the part of the road obstructed, and this is clearly done by the notice in this case. The part of the notice which calls for the west line of 8 rods and the fraction, may be stricken out as surplusage, and still all persons would know it is the same road and the identical obstructions that were described. No one could possibly be misled, and hence there is no variance as to the essential part of the description. See *Ferris* v. *Ward*, 4 Gilm. 499. The notice should have been admitted.

Again, it may be true, as a matter of fact, that there may be a jog in the section line of the distance that the notice says it runs west on the township line, and then the same section line may run to the corner of sections 4, 5, 8 and 9. If the original surveys were so made, it was perfectly competent to prove by parol evidence that they were so made, and thus to show that the road did, in fact, run on the section line the entire distance between the two points. The parol evidence should have been admitted, and the court below erred in its exclusion.

This suit was brought on the 28th day of May, 1872, and must be governed by the laws then in force, unless they have been repealed without any provision for the further prosecution of such actions. The first count avers an obstruction by building a fence in the road, and the second count avers that the fence was in the road when it was laid out and established, and a refusal of appellee to remove it upon being notified to do so by a justice of the peace of the county. They proceed for different and distinct offenses. See *Wiley* v. *The Town of Brimfield*, 59 Ill. 306, where it is held that the offenses are not the same.

Under the first count, there can be no doubt of appellee's liability, if the averments shall be proved as laid, under the 16th section of the chapter entitled "Roads," R. S. 482, and the 1st section of the act of 1852, p. 176. The 11th section of the act of 1872, p. 677, is substantially a transcript of the 16th section of the act of 1845, and the 14th section of this latter act confers jurisdiction on justices of the peace for a recovery of the penalty. The 15th provides that all suits brought for the recovery of the penalty shall be brought in the name of the people, upon the complaint of any person. This latter act does not profess to repeal any former acts, and does not, only in so far as its provisions are repugnant to former laws.

The 24th section of the act of 1873, p. 156, is substantially the same as the 16th section of the act of 1845, and hence that provision is not repealed, nor does the repealing clause in

the act of 1873 profess to repeal the 16th section of the act of 1845. It repeals the act of 1872, and all other acts or parts of acts inconsistent with the act of 1873; but, as the provisions of the 16th section of the act of 1845 and the 24th section of the act of 1873 are consistent, there was no repeal, and the suit may be still prosecuted, notwithstanding the enactment of the law of 1873; but the 1st section of the act of 1852, giving one-half the penalty to the informer, is repealed, because the later act takes away the portion the previous act gave to the informer.

There was, then, no error in amending so as to exclude the informer from any portion of the recovery. The 24th section of the act of 1873, like the 16th section of the act of 1845, does not, in terms, declare in whose name the prosecution shall be conducted, but they declare that the offender may be indicted or sued before a justice of the peace. As all indictments run, and can only run, in the name of the people, the conclusion is irresistible, as no other name is mentioned, that the suit must be in the name of the people of the State of Illinois; nor does the fact that the act declares that the party may be indicted or sued before a justice of the peace, in anywise deprive the circuit court of jurisdiction, as that is conferred by section 12 of article 6 of the constitution, and can not be thus deprived of it, or even by any enactment.

We have been referred to no provision of law, relating to counties not under township organization, which makes it an offense for a person to fail or refuse to remove a fence or other obstruction that may be in the line of the road at the time the road is located and established, and, as that is the offense averred in the second count of the declaration, an enactment must exist authorizing the recovery. See *Wiley* v. *Town of Brimfield, supra,* where it is held that a conviction can not be had, under the section for obstructing a public highway, where the party has only failed or refused to remove an obstruction that existed before the road was established; nor does that case conflict with *Ferris* v. *Ward, supra,* as in that case the road seems to have been actually opened and traveled by the public

before the obstruction was placed in the road, but it did not distinctly appear by whom it was opened. Whilst, in contemplation of law, a road may be, for many purposes, held to be open from the time the order is made declaring it to be established and ordering it to be opened, still it is not, by mere force of such an order, to be considered open, so as to impose the penalties of the law upon persons for refusing to remove their fences or other obstructions placed on the land before it became a road. Unless an act shall be found which imposes a penalty for failing to remove such an obstruction, a recovery should not be had under the second count.

But, for the error indicated, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*