FRANK M. CLARK AND WILLIAM E. CLARK *v.* SUSANNAH J. PETTY.

1. An action on a recognizance taken under the fourth section of the bastardy act of April 13, 1873 (70 Ohio L. 111), and duly forfeited, must be brought in the name of the state.

2. An error in the name of the township for whose benefit such recognizance is taken, or improperly substituting the name of one township for another, does not affect its validity against the recognizors.

3. The amount to be recovered, in an action on such recognizance, is the penal sum therein named, with interest thereon from the date of forfeiture.

MOTION for leave to file a petition in error to the District Court of Marion county.

The defendant in error, Susannah J. Petty, the mother of an illegitimate child, brought an action in the Court of Common Pleas of Marion county, upon a forfeited recognizance, against Frank M. Clark,(who had been adjudged, in a proceeding in bastardy, to be the reputed father of the child, and ordered to stand charged with its maintenance, in a sum fixed by the court,)and William E. Clark, his surety in said recognizance. The recognizance was entered into before an examining magistrate, and by its terms the recognizors acknowledge themselves to owe the State of Ohio, for the use of Marion township in said county, the sum of five hundred dollars, upon condition that if the said Frank M. Clark should appear at the next term of the court of common pleas of the county, and answer the complaint in bastardy, continue from day to day, and abide the order of the court therein, the recognizance should be void, otherwise to remain in force. The complainant resided in Green Camp township. Upon the coming in of the verdict of the jury in the bastardy case, the defendant, Frank M., having departed the court without leave, was called, and not appearing, said recognizance was forfeited. The court ordered him to stand charged with the maintenance of the child in the sum of three hundred and fifty dollars, to be paid to the mother in installments fixed by the court, and to give security for the same, and, in default thereof, that he stand committed until he complied with said order. No part of that sum having been paid, or secured, the action was brought on the recognizance to secure the application of the amount of the penalty therein, or so much

thereof as might be necessary for the purpose, to the payment of the judgment, as directed by the provisions of section 8 of the bastardy act (70 Ohio L. 111).

A demurrer interposed to the petition was overruled, and a trial had, resulting in a judgment against the defendants below, requiring them to pay the several installments making up the three hundred and fifty dollars as they respectively became due, and, in default thereof, that execution issue therefor. This judgment was affirmed by the district court. It is now sought to reverse both judgments.

*S. H. Bartram*, for the motion.
*J. F. McNeal*, contra.

BOYNTON, J. The demurrer to the amended petition, on the ground that the facts stated therein were insufficient to constitute a cause of action, gave rise to the question of the plaintiff's right to maintain the action on the recognizance. Another question was raised at the trial, which, it is contended, is decisive of the case on its merits, and entirely fatal to any right of action on the recognizance. The recognizance, by its terms, is to the state " for the use and benefit of Marion township." The settlement of the mother of the child was in Green Camp township ; and it is claimed that, inasmuch as Marion township can not be made liable for the support of the child, the recognizance is inoperative and void. The 4th section of the bastardy act makes it the duty of the justice, upon non-compliance by the accused with the provisions of the 1st and 2d sections of that act, to bind him in a recognizance to appear at the next term of the court of common pleas, with sufficient security, in a sum not less than $300 nor more than $600, " for the benefit of the township in which such bastard child shall be born," to answer such accusation, and to abide the order of the court thereon. The township evidently intended is the one wherein the mother has her legal settlement, and upon which she and the child would be-

come a public charge, if reduced to the extremity of re-- quiring public support. Such township by name need not be designated in the recognizance. It is sufficient, if any allusion need be made to it at all, to employ the language of the statute; to wit, "for the benefit of the township in which such bastard child shall be born." It is of no concern to the defendants below that the wrong township was named. If the action were upon a bond of indemnity, the objection to recovery would be more per- tinent. But the statute ascertains and determines who shall receive and have the funds collected upon the re- cognizance, and in a measure at least the purposes to which they are to be applied; and a misnaming of the township for whose use and benefit the recognizance is taken, or substituting the name of another township, will not inval- idate it, nor have the effect to divert the fund from its intended use. But we are of the opinion that the com- plainant in bastardy can not maintain the action. It is true, in the case at bar, the complainant is entitled to the greater part of the fund when collected, by virtue of the order directing the sum charged on the putative father for the support of the child to be paid to her, taken in con- nection with section 8 of the bastardy act, which directs the amount of the forfeited recognizance to be applied, to the extent necessary, to the extinguishment of the sum or sums so charged upon him. But the recognizance runs to the state, and necessarily so. And when properly for- feited, the whole sum, in which the recognizors acknowl- edged themselves to be indebted to the state, became due. As above intimated, it is not a mere bond of indemnity, nor in the nature of such bond. *Porter* v. *The State*, 23 Ohio St. 320. And when forfeited for the non-appearance of him for whose appearance it was given, the penalty is due, although such person may subsequently appear and submit to the order and judgment of the court. The cause of action can not be split into two, nor divided so as to au- thorize more than one action upon it.

The court has not that discretion to remit or reduce the

Clark and Clark *v.* Petty.

whole or any part of the penalty which it has, in an action upon a recognizance, given in a criminal cause. Such power or discretion to remit or reduce the penalty, where the action is upon a recognizance entered into to secure the presence for trial, of a person accused of a criminal offense, is conferred by section sixty-four of the code of criminal procedure, and applies only to cases involving a charge of a violation of the criminal laws of the state. The court, by that section, in acting upon cases brought within its provisions, is clothed with an equitable discretion not possessed in actions upon recognizances, to which its provisions do not apply. In *Johnson* v. *Randall*, 7 Mass. 396, Parsons, C. J., says : " A party and his sureties can not be relieved against the condition of a recognizance, but may against the penalty of a bond." And in *Mariner* v. *Dyer*, 2 Greenl. (Me.) 165, a recognizance was held void, the statute requiring a bond with sureties.

In an action upon a recognizance of the character here sued upon, the recognizance fixes and determines the extent of liability. Either the whole penalty is due or nothing. The action to recover it is one at law, and not in equity. The case well illustrates the necessity of the rule requiring the action upon the recognizance to be brought in the name of the state. Its penal sum was $500. This, with interest upon it from the date of forfeiture, was the exact measure of the defendants' liability. The plaintiff was entitled to less than $400, and this not in her own right, but in right of the child, to the support of which the sum, when received, was to be applied. The balance belonged to the township, and its right to maintain an action for the residue of the penalty, would be of the same nature as that insisted on by the plaintiff to sue for the sum charged on the putative father, for the child's support. But it is very clear that the forfeiture of the recognizance gave rise to but one right of action ; or, rather, it was a judicial determination that the condition of the recognizance had not been complied with. The acknowledged indebtedness to the state was therefore left subsisting. And to recover that debt one action only will lie, and that

action must be brought by the state, the common trustee, for the purposes of the action, for all who are or may be entitled to the fund when collected. The demurrer to the amended petition should have been sustained.

Motion granted; the judgment of the district court and that of the common pleas are reversed, and the petition dismissed.