## BENJAMIN F. TURNER

v.

## BAYARD WRIGHT ET AL.

1. SUIT ON BOND—CONTRACT OF ROAD COMMISSIONER.—Where appellant, a road commissioner, who was the owner of land, across which a public road was to be laid, entered into a bond with the other road commissioners, with the condition that if appellant should not appeal from the assessment of damages which appellant deemed inadequate, and the road should be opened within five years from the date of the bond, then the penal sum of $88.34 should be due and payable so soon as the road was opened for travel, but if the final order of the commissioners should be annulled or set aside or the road should not be opened within, etc., then the obligation was to be void, and appellant did not appeal, and the order was not annulled, and the road was opened, and it was urged against appellant's right to recover, that being one of the commissioners, public policy would forbid him entering into such a contract. *Held*, that this point is not well taken. A commissioner, the owner of land over which a road is about to be laid, may insist on his full damages, and may or may not appeal, or may contract with outside parties or even with the other commissioners for the right of way.

2. OPENING OF ROAD—OBSTRUCTIONS.—Where the evidence showed that the road was opened as a line of travel and had been so for over a year and had been worked by the public authorities, and was constantly used and the public enjoyed all the benefits and advantages of the line of travel the same as though there were no obstructions remaining in the road. *Held*, that it is not necessary to constitute a legal opening of a public highway that all obstructions shall be removed; the fact that some of the obstructions remained on appellant's land would have no more tendency to defeat his recovery than if the obstructions had been on some other portion of the road.

APPEAL from the Circuit Court of Marshall county; the Hon. JOHN BURNS, Judge, presiding. Opinion filed July 27, 1883.

Mr. J. H. JACKSON and Messrs. BARNES & MUIR, for appellant; that no one has a right to obstruct the public highway, though less than the statutory width, cited State v. Robinson, 28 Ia. 514; Wiley v. Town of Brimfield, 59 Ill. 306; Walker v. Caywood, 31 N. Y. 51.

Where defendants are sued as joint obligors, in the absence of an affidavit or plea in abatement denying joint liability, a

case made against one authorizes a judgment against all: Aultman & T. Co. v. Webber, 4 Bradwell, 427; Zuel v. Bowen, 78 Ill. 234; Degan v. Singer, 41 Ill. 28; Howell v. Morlan, 78 Ill. 162.

Mr. WINSLOW EVANS and Mr. FRED S. POTTER, for appellees; that a contract dependent on the way a public officer exercises his discretionary power, is void if made with that officer for his individual benefit, cited 1 Smith L. C. 7 Am. ed. 692; Merchant's S. L. & T. Ins. Co. v. Goodrich, 75 Ill. 554; Chitty on Contracts, 10 Am. ed. 544.

The condition of an obligation is considered as the language of the obligee and so is construed in favor of the obligor; Parsons on Contracts, 6 ed. 510, note y.

The road is not open for travel within the meaning of the bond; Green v. Green, 34 Ill. 320; Wragg v. Penn Township, 94 Ill. 11.

LACEY, P. J. This suit was brought before a justice of the peace, and upon judgment being rendered by the justice court against appellees, they appealed to the circuit court, and upon judgment being rendered in that court against appellant, he brings the case here by appeal.

The suit is predicated upon the bond of the appellees, given to the appellant, and dated Sept. 18, 1880.

The bond was in the penal sum of $88.34, and was conditioned that the commissioners of highways of the town of Evans in Marshall county had that day granted their final order by which a public road was laid out across the land of Benjamin Turner, the appellant, and that his damages had been assessed at $111.66, which damages were, by said Turner, deemed inadequate. Now, the condition of the bond was, that if the appellant should not appeal from the assessment of damages and the said road should be opened within five years from that date, then the said sum of $88.34 should be due and payable so soon as the said road is open to travel, but if said order should be annulled or set aside, or the road should not be opened within five years from that date, then the obligation was to be void.

Turner v. Wright.

Ten dollars has been paid on said bond, by F. H. Holton, one of the appellees.

It appears that the appellant did not take an appeal from the assessment of damages, nor was the order opening the road annulled or set aside. The commissioners passed a valid order, establishing the road as contemplated.

The road was opened for travel within five years, unless certain obstructions remaining in the road, which will be noticed hereafter, would prevent the road from being considered open to travel.

The road runs north and south, one hundred and sixty rods long and fifty feet wide on appellant's land, and cuts his land in two. When the road was opened there was a full grown hedge fence one hundred and sixty rods long on the west side of the road, which had been there fifteen years and was worth $200, leaving a margin from four to six feet between the hedge and the west limit of the road. On the east side of the road the appellant had built a worm fence one hundred and sixty rods long, and set it on the road about four feet from the east limit of the road, by permission of the road commissioners, so as to raise a hedge fence, i. e., that part of it on appellant's land. The road was forty-two feet in width from the hedge fence to the center of the worm fence at one end, and forty-seven feet at the other end. About thirty-two rods of the one hundred and sixty rods long was worked by the public road officers, and graded up and a small bridge put in. The public traveled the road constantly. There is nothing to prevent anybody from traveling it. Appellant opened the road on demand of the highway commissioners. The commissioners had paid appellant the amount of damages allowed him by the jury, and demand duly made for the money sued for. Appellant was one of the road commissioners who signed the final order. The public have worked and traveled the road for over a year. The road was opened as wide over appellant's land as it was the rest of the way. The fences are all in line with each other, and the appellant's hedge is in a direct line with the hedge south of him.

But two points are urged against the appellant's right to

recover, and are, first, that being one of the commissioners, public policy would forbid him from entering into such a contract, and secondly, that the road is not opened for travel within the meaning of the bond.

We are of the opinion that neither point is well taken. We see no reason why a commissioner, the owner of land over which a road is about to be laid, may not insist on his full damages, and may or may not appeal or may contract with outside parties or even with the other commissioners for the right of way.

As to the other point, we think clearly the road was open to travel within the meaning of the bond which appellees have signed. The fact that there were certain obstructions within the limits of the right of way could not operate to render the opening of the road null. The evidence shows that the road was only opened as a line of travel and had been so for over a year, and had been worked by the public authorities and was constantly used; the public were enjoying all the benefits and advantages of the line of travel the same as though there were no obstructions remaining in the road, and that was all the bond provided for or contemplated.

The fact that some of the obstructions remained on appellant's land would have no more tendency to defeat his recovery than if the obstructions had been on some other portion of the road. It is not necessary to constitute a legal opening of a public highway that all obstructions shall be removed. Wiley v. Town of Brimfield, 59 Ill. 306; Walker v. Caywood, 31 N. Y. 51.

For these reasons the judgment of the court below is reversed because manifestly against the weight of the evidence, and the cause remanded.

Reversed and remanded.