Smith, J.
The original action was brought by Haefner, a minor, by his next friend, to recover damages for personal injury received by him, as was claimed, from the negligent and careless throwing of pieces of slate by the defendant or his servants from the top of a house which they were unroofing, one of the pieces of slate having struck the child, who was on the ground quite a distance away. The jury returned a verdict for the plaintiff for $1,500, and a motion for a new trial was overruled and judgment entered upon the verdict, and a bill of exceptions taken, purporting to contain all of the evidence and the charge of the court given to the jury, and a petition in error is filed seeking the reversal of the judgment.
*722 The principal grounds relied on are, that the court erred in receiving evidence tending to show that prior to the injury of the plaintiff, and during that day, the employes of the defendant and another person on the roof of the house had been throwing pieces of slate and other missies at other persons passing near the house, and that while there was evidence on the part of plaintiff tending to show that the throwing of the tile which injured the plaintiff was willful and intentional, that the court made no reference to this in the charge to the jury, but put the claim of the defendant on the ground of negligence and carelessness, when he should have said to them, that if it was willfully and maliciously done by an employe, not in the line of his duty, and without the knowledge of the employer, the latter would not be liable.
As to those matters it may be said in the first place that no objection or exception whatever was made to the introduction of the evidence referred to, or any exception taken to the charge of the court as given, or any request made that the court charge the jury, as it is now claimed he should have done. It is true that when all of the evidence and the charge given to the jury are brought into the record by a bill of exceptions, and an erroneous charge appears to have been given, the court will, under some circumstances, consider whether it was right, though no exceptions were taken to it at the time. As stated in 32 Ohio St. 495, the reviewing court in such case will, in connection with the evidence, look to such charge, and if there is no reason to believe that the verdict was not the result of erroneous instruction, will reverse the judgment and award a new trial. Or, as held in 29 Ohio St., 452, “if, from a consideration of the whole evidence in connection with the charge, it is reasonable to suppose the jury may have been misled by the charge, and that a different verdict would have been rendered if the jury had been properly instructed, the same thing will be done. And in 42 Ohio St. 318, it is said that the court, under such circumstances, “will examine the whole record to see whether the case was fairly tried.”
This being the law, can the action of the court in these particulars be properly considered by this court, and if wrong, the judgment be reversed on these grounds? In the first place, it may be said that this holding appears to apply only to t.he charge of the court, and it is doubtful whether it. would be extended to cases where evidence is admitted without objection, which, if objected to, should have been excluded. In such case it is practically received by consent *723 of the party, and be ought not afterwards to object to it. But m this case we do not have all of the evidence in the bill of exceptions. There were two exhibits offered in evidence which purport to be attached to the bill, but in fact are not, and this seems to withdraw the case from the application of the rule stated. As to the charge of the court,it may be said that in our judgment the statements of the law there made are accurate and correct. The case was one really in which negligence and carelessness were charged, and though a small girl testified to what would, if true, be considered willful conduct on the part of the employe in throwing this particular tile, it was in conflict with all the other testimony and had no particular weight. But as the charge actually given was correct, and not excepted to, if defendant’s counsel had directed the court to charge the jury as to the effect of a willful injury by the defendant or his employe, he should have asked for it, and not having done so, can not avail himself of the failure of the court to charge upon this point.
Mathews & Cleveland, for Plaintiff in Error.
Bates & Spiegel, for Defendant in Error.
The judgment will be affirmed, with costs, but without penalty.