(Hamilton County Common Pleas Court).

ROSALIA FRANKEN, an Infant, v. CHARLES FRANKEN et al.

Action on a bond given in pursuance of the provisions of an act, "to prevent abandonment and pauperism" (87 O. L., 216, April 16, 1890) must be maintained in the name of and on behalf of the state.

---

JELKE, J.

I am of the opinion that this action should be maintained in the name of and on behalf of the state.

The act says so; "enter into a bond to the state of Ohio, in the penal sum."

The language of the bond says so; "bound unto the state of Ohio in the penal sum of one thousand dollars, to be paid to said state of Ohio."

"Where a thing is prohibited by statute under a penalty, if the penalty, or part of it, be not given to him who shall sue for the same, it goes and belongs to the king." Rastall's Entries, 433; 2 Hawkins, P. C., c. 26.

Where a statute does not in terms declare in whose name a suit shall be conducted for the recovery of a penalty for its violation, the suit must be in the name of the people. Carvan v. Rogers, 6 Jones (N. Car.),240; People v. Young, 72 Ill., 411.

Under Rev. Stat., 4993-4994, this must be so.

The state is the real party in interest. This act, titled, 'To prevent abandonment and pauperism," (87 O. L., 216, April 16, 1890), is passed by virtue of the general police powers of the state, for the benefit of the people.

It is not intended as a statutory declaration of common law substantive rights, although it incidentally is so. It is an act of the same nature as the bastardy acts, and the law of Clark v. Petty, 29 Ohio St., 452, is applicable. The Supreme Court has said so in Isaac N. Bowen v. State, 37 W. L. B., 278, where, recognizing the duty a father owes to the state, and likewise to his minor children, said: "The design of the statute under which the plaintiff in error was convicted (87 O. L., 216), was to enforce the fulfillment of the father's duty to the public."

Judgment for defendant.

Miller Outcalt and John DeWitt, for Plaintiff.

Thomas F. Shay, Contra.