# CASES

IN THE

# SUPREME JUDICIAL COURT

IN THE

COUNTY OF KENNEBEC, JUNE TERM, 1835.

---

## BAKER *vs.* RUNNELS.

In an action of trespass by the owner of land, over which a way had been located by the Court of Sessions, against the surveyor who made the road, the former was not permitted to take exceptions to the regularity of the proceedings of said Court : — that can only be done on *certiorari*.

Where a road had been established by the Court of Sessions, and the town in which it was located had opened and made a part of it, but as to another part, had only opened it by causing the trees to be felled and cut up, leaving it impassable, except for those on foot, for a period of more than six years, it was held that these facts did not bring the case within the provisions of *stat.* of 1831, *ch.* 500, which provides that a road, which shall not be *opened* within six years from the time when it should have been opened, shall be taken and deemed to be discontinued.

THIS was an action of trespass for breaking and entering the plaintiff's close, in the town of *Clinton*, and was tried before the present Chief Justice, *October Term*, 1834.

The general issue was pleaded, with a brief statement, setting forth that the *locus in quo* was a highway established by the Court of Sessions, *December*, 1824, — that, at the *December Term* of the Court of Common Pleas, 1831, an indictment was found against said town, for having neglected to open and make said highway, upon which said town was defaulted, *April Term*, 1832 : whereupon a fine of $500 was assessed by said court, and *Thomas Brown* was appointed to expend said sum in opening and making said road, and that *Runnels*, the defendant, as the

servant of said *Brown*, entered upon the plaintiff's land, and there did the acts for which this suit was brought.

The proceedings of the Court of Common Pleas were proved as above pleaded. To the record of the Court of Sessions, showing a location of the road, the plaintiff took a number of exceptions, all which were overruled by the Judge, who instructed the jury that, though proper subjects for consideration on *certiorari*, they could not avail the plaintiff in this suit.

The plaintiff then contended, that the road, where the defendant entered and worked upon it, had been discontinued by operation of the statute of *March*, 1831, *ch.* 500, $ 9, which provides that a road, which shall not be opened within six years from the time when it shall have been required to be opened, shall be taken and deemed to be discontinued.

It was in evidence that a considerable part of the road had been opened and used, but that a small part of it, including that on which the defendant worked, had only been opened by the felling and cutting up of the trees in 1826, by a surveyor to whom it had been assigned. Nothing further had been done toward making the road, until the defendant entered in *September*, 1832. Though it had been used some by persons on foot, after said cutting out, yet in consequence of its state, and the greater convenience for travellers by an old pathway, it had not been used, and became, in 1832, quite impassable, by a dense growth of young birches and poplars, intermixed with briar bushes that had sprung up.

The Judge instructed the jury, that the facts proved did not bring this road within the operation of the statute of 1831, *ch.* 500. The verdict was for the defendant. If upon the foregoing facts, the defence was not, in the opinion of the Court, sustained, the verdict was to be set aside, and a new trial granted; otherwise judgment was to be rendered thereon.

*Redington*, insisted for the plaintiff, that he might, in this action, take exceptions to the record of the Court of Sessions, relating to the location and establishment of this way. This is the only way in which he can do it, for it is too late to bring *certiorari* — the road having been made. He then argued at length, to show the defects in the records.

It was further contended, that the road had been discontinued under the operation of *stat.* of 1831, *ch.* 500. If it was a road at all, it was so when it was accepted, or at all events when the time expired for taking off the wood ; and in either case, a sufficient time had elapsed to bring it within the statute of 1831. Can the term " opened," used in the statute, mean any thing less, than to have the road freed from obstructions so as to render it passable. We contend not.

*R. Williams*, for the defendant.

WESTON C. J. — If the existence of a town way is questioned, and it appears that the requirements of law have not been observed in laying it out, it is treated as void ; towns having upon this subject only a special and limited power. But the Court of Sessions, to whom county commissioners have succeeded, had general jurisdiction in relation to roads. Hence an adjudication of theirs has been respected as operative, until annulled or vacated upon *certiorari*. We think great inconvenience would arise, in permitting an inquiry as to the regularity of their proceedings, to be made collaterally. It has never, that we are aware of, been attempted or sustained in our practice. We are of opinion, therefore, that the objections taken to the doings of that court at the trial, were properly overruled.

Another point raised is, that the road was discontinued, by the operation of an additional act in regard to highways, statute of 1831, *ch.* 500, *sec.* 9. That section provides, that a road, which shall not be opened within six years from the time, when it shall have been required to be opened, shall be taken and deemed to be discontinued. It may be presumed that this long neglect on the part of the town, without complaint, is full evidence that such road was not required by the public convenience, notwithstanding the adjudication of the court. The road in question was opened, with the exception of a short distance, where, however, the trees were felled and cut up by a surveyor of the town ; but was afterwards neglected in consequence probably of an old pathway, which was used as a substitute. The town was indicted for a failure of duty in regard to this road, seven years after it was laid out. They did not interpose the objection now set up, but sub-

mitted to a default, and to a fine of five hundred dollars, more than a year after the passage of the law of 1831. It does not appear to us to present a case under that statute. The road, that is the whole road, did not remain unopened, upon any construction. The neglected part was not made, but it can hardly be said not to have been opened, and held out to the public as a road, by the official act of the surveyor. The road must be regarded as having been once legally established. If the plaintiff would avoid it, he must show clearly that it has been vacated by the operation of the statute. And we do not feel warranted in determining that this has been done.

*Judgment on the verdict.*