Maire vs. Kruse.

MAIRE, Respondent, vs. KRUSE, Appellant.

*May 4 — May 23, 1893.*

*Highways: Abandonment.*

Two highways met at right angles at a section corner, but owing to a hill on the line of one of them near the corner travel had diverged, cutting off the corner, and a small portion of each highway nearest the corner was unused for more than five years. *Held,* that such portions did not thereby cease to be parts of the highways, under sec. 1294*a*, S. & B. Ann. Stats.

APPEAL from the Circuit Court for *Grant* County.

The facts are sufficiently stated in the opinion. The defendant appeals from a judgment in favor of the plaintiff.

*T. L. Cleary,* for the appellant, to the point that sec. 1294 applies to a *part* of a highway, cited *Witter v. Damitz,* 81 Wis. 385; *Horey v. Haverstraw,* 124 N. Y. 273.

For the respondent there was a brief by *Carter & Burns,* and oral argument by *W. E. Carter.*

ORTON, J. The statement of the facts of this case is not long or complicated. Section 10 of township 1, range 2, in Grant county, lies west of and adjacent to section 11, and section 14 lies south of and adjacent to section 11, and section 15 lies south of and adjacent to section 10. The plaintiff's land lies in the southwestern central corner of these sections, and the defendant's lands lie in the three other

corners.   There was formerly a highway on the east and
west section line between the sections, and a highway on
the north and south section line between sections 10 and 11,
coming down to said center corner of the sections, and there
forming a junction with said east and west highway.   A
short distance above this junction of the two highways at
the central corners, there was an uneven elevation or side.
hill, difficult to work or travel on, and the line of travel
diverged to the east of the central section line north and
south, and formed a junction with said east and west high-

   The above diagram, though not drawn exactly to scale, shows the sit-
uation with sufficient accuracy.   The plaintiff owns the tract marked A,
being the NE ¼ of NE ¼ of section 15.   The defendant owns the three
tracts marked B, being the SE ¼ of SE ¼ of section 10, the W ½ of NW ¼
of NW ¼ of section 14, and a small triangular piece containing about
half an acre in the SW corner of section 11.   West and south of this
triangular piece lie the portions of the highways here in question.— REP.

Maire vs. Kruse.

way about six rods east of the section corners, and made a hypotenuse of a triangle, which was worked and used as the highway; and the other two sides of the triangle were fenced up by the defendant when he became the owner of this small corner of land, which adjoined his lands in the other two corners as above. The said east and west highway was vacated by the supervisors of the town from the center of the sections west on the section line between section 15 and section 10. This left the plaintiff's land without any connection with a highway that was opened for travel, and he has been compelled to find an irregular way by permission across the corner of the defendant's land on the east, until he could strike the highway eastwardly. The plaintiff, it will be seen, has been thus cut off from any connection with either the north and south or the east and west highways. The plaintiff complains that the defendant, without right, keeps the highway obstructed by his fences, and will not allow him to have access to it in either direction. The defendant claims that such parts of the highway north and east from the section corner that he has so obstructed were abandoned and have been discontinued by nonuser of over five years, and that such parts thereof have ceased to be any parts of the said highways. The plaintiff prays that the court may ascertain and determine whether these parts of the two highways are still lawfully so, and if they are that the defendant be enjoined from obstructing them; and if they are not then that he may have a way over the defendant's land to some highway from necessity.

This is an action in equity, and the jurisdiction seems not to have been questioned by the defendant, and therefore this case will not form a precedent. There is really only one question to be determined, and that is a question of law,— whether those parts of the highways which the defendant has obstructed are yet lawfully parts thereof. The

circuit court decided this question in the affirmative, and in effect adjudged that the highway from the east line of section 15 on the east and west section line, or from the center corner of said sections east to the east line of the town, remains and exists as a public highway, and every part thereof; and that all persons have the right to travel thereon, without any let or hindrance whatever, from the east line of said town of Jamestown across section 14 to the east line of section 15 in said town, four rods wide; and that defendant be enjoined from obstructing it, and especially the north and south highway, in any manner whatever; and that the plaintiff recover his costs and disbursements. This is an abbreviation of the judgment, and perhaps not critically correct, but this is the substance of it.

This triangle or corner contains only about half an acre of land, and the two pieces or parts of the highways cut off by it are only a few rods in length. The commencement of this deviation from the highway is stated in the brief of the defendant's counsel as follows: "This corner was fenced up in 1881, and the north and south highway joined the east and west highway east of this fenced-up corner. This corner was cut off because it was so *sideling* that instead of the travel running up to the section line, and running along a *sideling* road *on a steep hill*, it turned at the foot of the hill and cut off that corner." This is the beginning and cause of the nonuser of these small parts of the highway, which the learned counsel of the appellant claim are now discontinued and abandoned by virtue of sec. 1294, R. S., as amended by ch. 253, Laws of 1882 (S. & B. Ann. Stats. 801). The language of this statute is: "Any highway in this state which shall have been, or may hereafter be, entirely abandoned as a route of travel, and on which no highway tax has been expended for five years, shall be considered legally discontinued, and the land of said highway shall revert to the owners," etc. The lan-

Maire vs. Kruse.

guage of the Revised Statutes is, "every public highway," etc. It is quite evident that this language does not mean that any part of the highway, however small, that has not been traveled or worked for five years, shall be considered legally discontinued. It is a highway, *eo nomine*, as a generic term, to which the statute relates; at least enough of any public road or thoroughfare to be called in ordinary parlance a "highway," or as is meant by the statute when it provides for laying out a "highway." This highway, as such, has not ceased to be traveled. It is traveled all the time, with this slight variation. It is the same highway as it was before the defendant cut off the plaintiff from its use at this place by fencing it up for a few rods. The highway runs along that side hill, which the town, on account of the expense, failed and neglected to excavate and grade so that it might be traveled and used; and the traveling public was compelled to go around it. The highway must be "entirely abandoned as a *route* of travel." The abandonment of a highway as a *route* of travel implies that such highway is not needed for travel, and therefore disused and abandoned as a highway. But this highway, even along the side hill, is needed as much as ever, and it was the duty of the town to have made it fit for travel. Whatever abandonment of this little piece of the highway there was consisted in the neglect of the town to make it passable; and the public has been compelled to go around it. Such a construction of the statute as is claimed is utterly unreasonable, and would work great mischief to our highways. By what authority was the hypotenuse of that triangle made a highway? The traveling public were forced to go around that side hill, and that is all there is of it. That does not make it a part of the highway by any competent authority. The legal highway runs along the section lines, and there it was and is the duty of the town to make it passable throughout. It would be the same if the town

should neglect to open and make fit for travel only two rods of a highway, or less than four rods wide, and it should be used that way for over five years; and this is common in many of the newer portions of the state. Are such excluded portions of the highway forever abandoned and discontinued as any part of the highway? It is merely the neglect of duty on the part of the town, and, the longer such neglect, the more imperative the duty becomes to improve and work the highways and make them fit for travel on the lines established by authority throughout. The principles established in *Reilly v. Racine*, 51 Wis. 526, in *Childs v. Nelson*, 69 Wis. 125, and in *Witter v. Damitz*, 81 Wis. 385, govern this case. The circuit court properly held that the lawful highway is still on the section lines. There is not any merit in the defense. The plaintiff has been wronged a long time by being fenced off from the highway, and it is time that he should be restored to the use of it. On principles of law as well as equity it should take more than five years for such a wrong to grow into a right.

*By the Court.—* The judgment of the circuit court is affirmed.