[No. 10429.　Department Two.　December 16, 1912.]

TRUE S. CLARK *et al.*, *Respondents*, v. THE CITY OF
SEATTLE, *Appellant*.[1]

HIGHWAYS—ABANDONMENT—FAILURE TO OPEN—USE BY RAILWAY.
A street is opened for public use to such an extent as to prevent its
abandonment by nonuser, as provided in Rem. & Bal. Code, § 5673,
where an electric railroad company, by virtue of a right of way deed,
went upon it and set its location stakes and constructed its railway
line in the street.

SAME—LIMITATION.　Under Rem. & Bal. Code, § 5673, providing
for the vacation of any county road which remains unopened for
public use for five years after its authorization as a public highway,
the five-year period begins to run from the date of the filing of a
dedicated plat, and not from the date of its execution.

SAME—NATURE OF USE.　A county road is opened for public use,
within the meaning of Rem. & Bal. Code, § 5673, relating to aban-
donment by nonuser, where the line of travel generally followed the
dedicated way, although frequently in order to avoid hills and
ravines, it departed from the road for short distances and again
entered it.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered January 13, 1912, in favor
of the plaintiffs, in an action for an injunction.　Reversed.

*James E. Bradford* and *H. D. Hughes*, for appellant.

*Alexander & Bundy*, for respondents.

MORRIS, J.—It is sought in this suit to enjoin the city
from occupying territory in front of respondents' lots as a
public street, upon the theory of a vacation by nonuser, as
set forth in § 5673, Rem. & Bal. Code, as construed in
*Murphy v. King County*, 45 Wash. 587, 88 Pac. 1115.　This
statute in effect is that any county road or part thereof
which remains unopened for public use for five years after its
authorization as a public highway is vacated.

Counsel for the city present a strong argument to the

[1]Reported in 128 Pac. 670.

effect that this section should be limited to strictly county roads, and that it has no application to streets in platted additions to cities, lying within the county, under §§ 5654, 5669, 5671, 5774, and 7848, Rem. & Bal. Code. It will, however, not be necessary for us to enter upon a discussion of this point, or to indicate a holding thereon, as such a ruling is not necessary to the decision of the appeal.

The essential facts are these: On September 24, 1891, Charles Waters filed in the King county auditor's office a plat of Rainier Beach. This addition is situate upon the western shore of Lake Washington, and at the time of its dedication was between the municipal boundaries of Seattle and Renton. On September 12, 1897, the southern boundary of Seattle was extended so as to include this plat within the present city. The plat was in the usual form, including within its territory, blocks, lots, streets, and alleys. Respondents became the owners of lots 6 and 7, in block 35, on October 10, 1906. Running through this entire plat, along the lake shore, and following as a rule the meander line, is a street named Rainier avenue, upon which respondents' lots abut. The land at this point is a steep hillside, so that the street as platted between respondents' lots and the lake stands on an angle of about 45 degrees. Between the street and the lake there is a small level piece of upland. It is admitted that, so far, at least, as that portion of the street abutting upon block 35 and its immediate neighborhood is concerned, the street has never been graded nor made use of for travel by vehicles of any description.

On June 16, 1891, the territory in question being then within the jurisdiction of the county commissioners, a franchise was granted to extend the street railway line then on Rainier avenue west of this addition, in a general southeasterly direction over the county highway to Renton. This plat was dedicated June 18th, 1891, and filed September 24, 1891. It recites that the streets, avenues and alleys thereon shown are dedicated to public use, "save and except in so far as

may be affected by the right of way granted to the Rainier Avenue Electric Railway Company, by deed of even date herewith." This right of way deed is not before us, and we only have such a knowledge of its terms as is referred to in this dedication. Rainier avenue is the only highway running in a general southeasterly direction to Renton from the point whence under the franchise the railway was to be extended. In addition to this fact, we think the recital of the plat is a clear indication that it was upon this avenue that it was contemplated the line would be built through this addition.

Nothing seems to have been done under this franchise to extend the railway, nor to open this avenue for general public travel, until February, 1896, when the engineers of the railway company made their location survey and set the stakes for the extension of the line. The actual building of the line followed in "midsummer" of the same year. It seems to us this is the decisive fact in this case, and that, when the railway company went upon this street in February, 1896, and set its location stakes, and in the following summer actually constructed its line, it was an opening of the street for public use within five years from its authorization as a public street. We think that counsel for the city unintentionally misled the lower court in this matter, and thus caused the court to hold that the street was not opened within five years. When the evidence as to the building of the street railway line in "midsummer" of 1896 was given, the court immediately asked the date of filing of the plat, and the answer was given "June, 1891." This was incorrect. The plat was dedicated in June, 1891, but it was not filed until September 24, 1891, and it is from this latter date that the five years must begin to run, as it could only be upon the filing for public record that the public could assert any rights in these streets as public highways. Midsummer of 1896 might not be within five years from "June, 1891," but it will hardly be doubted that it would be within five years from September 24, 1891;

and had the proper filing date been given the court, it might have been so held.

Some support for their position is claimed by respondents from the fact that, in front of their lots, the railway line is outside of the street as platted. The railway line is in the street as it abuts upon block 35, opposite lots 1, 2, 3, and nearly all of lot 4. Approaching lot 5, it runs outside, avoiding the steep hillside, and on to the level strip along the lake shore. Passing respondents' lots, the line runs on a curve from seven to fifteen feet outside of the street, and again enters the street, at the next street intersection. It appears that, when the railway line was built, it was sought to build it as quickly and at as small cost as possible. Having this in view, the line, although generally in the street, frequently in order to avoid hills, bluffs, ravines and other topographical obstructions, leaves the street and proceeds along the line of least resistance for varying short distances, when it again enters the street. It cannot be held that, because of this fact, the street is open only along that part of it upon which the railway line is actually laid. We think it is generally held, in construing like statutes where the line of travel, in order to avoid hills, ravines and like topographical obstructions in the authorized way, leaves it for the purpose of going around the obstacle and, when passed, again enters the authorized way that this is as much an opening and public use of the untraveled portions of the road as of that part actually used. *City of Topeka v. Russam*, 30 Kan. 550, 2 Pac. 669; *O'Dea v. State*, 16 Neb. 241, 20 N. W. 299; *Konkel v. Town of Pella*, 122 Wis. 143, 99 N. W. 453; *Maire v. Kruse*, 85 Wis. 302, 55 N. W. 389, 26 L. R. A. 449; *Shanline v. Wiltsie*, 70 Kan. 177, 78 Pac. 436; *Stickel v. Stoddard*, 28 Kan. 715; *Wilson v. Janes*, 29 Kan. 233; *Baker v. Runnels*, 12 Me. 235; *Wiley v. Town of Brimfield*, 59 Ill. 306; *Webb v. Board of Com'rs of Butler County*, 52 Kan. 375, 34 Pac. 973.

We therefore hold that Rainier avenue was opened for public use within five years from its authorization, and that for this reason the injunction was improperly granted, and to that extent the judgment is reversed. There is another issue between the parties seemingly involved in this suit upon which no evidence was given under the ruling appealed from, as to which it is stipulated that, in the event of this reversal, the cause shall be remanded for further proceedings. Because of the stipulation, it will be so ordered.

MOUNT, C. J., FULLERTON, ELLIS, and MAIN, JJ., concur.