No. 28,045.

THE NATIONAL SIGN COMPANY, *Appellee,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF DOUGLAS, *Appellant.*

(266 Pac. 937.)

Opinion filed May 5, 1928.

*George K. Melvin,* of Lawrence, for the appellant.

*C. A. Smart,* of Lawrence, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The question presented here is whether the board of county commissioners has the authority to remove signs which are on or extend into or over a county highway. The board was enjoined from interfering with or removing signs which extended about eight inches into such a highway, and appeals.

The facts are substantially these: The plaintiff entered into an agreement with the Lawrence National Bank, of Lawrence, to erect signs along highway No. 40, advertising the bank. Two such signs were erected on farms next to the highway west of Lawrence. They consisted of a metal sheet about twenty inches long and fourteen inches wide, fastened to a steel post set into the ground just inside the line dividing the farm and the highway. The wire fence along the line of the highway was fastened to steel posts. Each wire of the fence was so fastened that the metal plate with the advertisement was fastened to the top of the post so that the plate extended ten or twelve inches on the farm side and about eight or nine inches into the highway and about six feet above the ground. An arrow pointing toward Lawrence was fastened to the top of the post in line

with the fence. The highway at the point under consideration was about sixty-five feet wide. It consisted of a concrete slab about eighteen feet wide, on each side of which was a dirt shoulder five or six feet wide. Between the dirt shoulder and fence on each side was a ditch. The signs were on an angle with the highway. It was plaintiff's intention to set up like signs on other farms, consent to do so having been obtained for a consideration from adjoining landowners. Plaintiff prayed that the defendants be restrained from interfering with, mutilating or destroying the signs. The case was by stipulation submitted to the court upon the allegations of the petition and the defendant board permanently enjoined from interfering with or removing such signs.

The plaintiff contends that the highway is only an easement; that the owner holds the fee of the land to the center of the highway with a right to use it for all purposes not incompatible with its use as a highway, and that under the admitted facts the signs in no manner interfered with the use of the highway for highway purposes and was in no manner incompatible with its use as a highway. In support of the contention it is argued that there is a strip of ground between the farm land and the dirt shoulder that skirts the side of the slab of seventeen feet and that the sign in no way interferes with public travel; that to mutilate the sign, or to trim off that part within the highway would be an act of bad faith and arbitrariness for other reasons than the protection of the public in the use of the highway.

We cannot sustain the plaintiff's contention. The statute gives the board of county commissioners the power to "lay out, alter or discontinue any road running through one or more townships in such county, and also to perform such other duties respecting roads as may be provided by law. . . ." (R. S. 19-212.) Another provision makes it the duty of each and every county engineer (agent of the board of county commissioners), to remove or cause to be removed all obstructions that may be found in the city and county highways, and the board, through its engineer, may even enter upon private lands, carry away sand, gravel, etc. (R. S. 68-115.)

We are of opinion the board of county commissioners has the right to remove any and all obstructions from the public highway. In *Webb v. Comm'rs of Butler Co.*, 52 Kan. 375, 34 Pac. 973, it was said in the opinion:

"The fact that the public may not use or travel over the full width of such a highway will not operate to narrow it. It is frequently the case that the full width of country roads is not improved or used for the reason that the necessities of the public for the time being do not require it, but such limited use will not lessen the right of the public to use the entire width of the highway when the increased travel and the exigencies of the public make·it necessary." (p. 378. See, also, *The State, ex rel., v. Paul,* 112 Kan. 826, 213 Pac. 165, and note in 6 A. L. R. 1210.)

In this day of the rapidly moving automobile the traveler, the public, is entitled to an unobstructed view of the highway. The signs under consideration, or other similar objects, may interfere with proper view and are included within the statement. The legislature considered the subject when adopting chapter 257 of the Laws of 1927 (since the rights of the parties to this action became fixed), which, among other things, provides:

"That the state highway commission is authorized to adopt and erect uniform marking guides and warning signs for identifying various routes on the state highway system. The state highway commission is authorized to remove any and all billboards, or signs located within the limits of the right of way of state highways which bear advertising of any kind or character."

A distinction or discrimination cannot be made between a sign or obstruction which extends eight or nine inches into the highway and one which might extend eighteen or thirty inches into the highway. Either might obstruct the view of the motorist (especially on a turn) from an object which in the proper handling of his car he should be able to see.

The judgment is reversed and the cause remanded with instructions to enter judgment for the defendant.