(631 P.2d 1252)
No. 52,165

Anna B. Gronniger, Waunita W. Moskau, and City National Bank of Atchison, Kansas, as Trustee of the Lawrence C. Gronniger Estate Trusts Nos. 1 through 8, inclusive, *Appellants*, v. The Board of County Commissioners of the County of Doniphan, State of Kansas, and Donald D. Manville and Lorene F. Manville, *Appellees*.

Petition for review denied September 18, 1981.

Opinion filed August 7, 1981.

*Jack R. Euler* of Euler and Euler, of Troy, for the appellants.

*Alan M. Boeh*, county attorney, for the appellee Doniphan County, Kansas.

*Robert A. Reeder* of Reeder and Boeh, Chartered, of Troy, for the appellees Donald D. and Lorene F. Manville.

Before Spencer, P.J., Parks and Meyer, JJ.

Spencer, J.: Plaintiffs have appealed from an order dismissing their action wherein they sought by mandamus to compel the defendant-board to re-establish the true course of a county road, alleged to have been originally opened to run along the north-south center line (quarter section line) of the south half of the south half of Section 1, Township 3, Range 22, Doniphan County.

Plaintiffs own the land situated immediately west of the road in question, and defendants-Manville own that situated immediately east of the road. All agree the road has existed since as early as 1905 and that it is a "county road," maintained as such by Doniphan County as a part of its county road system.

Because this action was dismissed, the trial court did not make findings with respect to the true course of the road. However, evidence adduced at trial, which consisted in part of engineers' surveys made in 1939, 1961, and 1971, provided a strong indication that the center line of the road initially followed the quarter

section line. The evidence also indicated that since 1974, the Manvilles have been involved in a continual process of moving the road to the west off of their land onto that of plaintiffs. A survey of the road conducted in May of 1976 reflected a drastic narrowing of the road, as well as the east-west shift of the road from the Manville property. The evidence also indicated that in May of 1977, defendants-Manville placed four posts on the quarter section line commencing at the northwest corner of their property and extending to the east-west line between the Moskau and Gronniger properties. Although plaintiffs have repeatedly requested the defendant-board to take action to cause the road to be returned to its original course, the board has refused to take any action with regard to this matter.

Relevant portions of the order of the trial court are:

"The court finds that defendants Manville motion to dismiss as to all counts should be sustained.

. . . .

"The court is of the opinion that the provisions of KSA 68-108 specifically 'the County Commissioners shall constitute a board of review' refers to the County Commissioners being a board of review rather than language requiring them to do some specific act.

"The duty of the Board of Commissioners under KSA 68-108 is not such as would impose on them a duty which is clearly set forth and accordingly the plaintiffs are not entitled to an Order of Mandamus against said Board of Commissioners.

"Plaintiffs petition against the Board of County Commissioners of Doniphan County, Kansas, should be dismissed with costs to the plaintiffs."

K.S.A. 68-108 provides:

"When the place of beginning or true course of any road shall be uncertain by reason of the removal of any monument or marked tree by which the road was originally designated, or from any other cause, the county commissioners shall constitute a board of review, or the county commissioners may appoint three disinterested householders of the county as a board of review, and the commissioners or such other review board may re-view, re-mark and straighten said road, if they deem it necessary; and after establishing the place of beginning or true course of the road, the board of commissioners shall notify the county surveyor, who shall view and re-survey the same, and shall have the same correctly marked, as in the case of a new road, and shall make a correct return of said survey and a plat of said road  . . . ."

As provided by K.S.A. 60-801, "[m]andamus is a proceeding to compel some inferior court, tribunal, board, or some corporation or person to perform a specified duty, which duty results from the office, trust, or official station of the party to whom the order is

directed, or from operation of law." See *Stephens v. Van Arsdale,* 227 Kan. 676, 682, 608 P.2d 972 (1980); *Adams v. Marshall,* 212 Kan. 595, 603, 512 P.2d 365 (1973); *Mobil Oil Corporation v. McHenry,* 200 Kan. 211, Syl. ¶ 14, 436 P.2d 982 (1968).

"While mandamus will not ordinarily lie at the instance of a private citizen to compel the performance of a public duty, where the private citizen shows an injury or interest specific and peculiar to himself and not one that he shares with the community in general, the remedy of mandamus and the other extraordinary remedies are available." *Stephens v. Van Arsdale,* 227 Kan. 676, Syl. ¶ 2.

Inasmuch as defendants-Manville are not alleged to have occupied a public office or trust, we concur in the dismissal of the action with respect to those defendants. However, we are of the opinion that the provisions of K.S.A. 68-108 impose a duty on the board of county commissioners to act whenever it is shown that the true course of any road within its jurisdiction is uncertain for any cause. We believe the provisions of 68-108, when considered in their entirety and with other provisions relating to roads and bridges, mandate that when such a showing has been made, the county commissioners shall constitute either themselves or three disinterested householders of the county as a board of review to consider the matter as presented, and take such corrective action through the office of the county surveyor as is found to be necessary. Clearly, if it is determined in this case that the true course of the road in question was along the quarter section line, the defendant-board has no right to maintain that road in another location and is required by 68-108 to take corrective action. Any interpretation of the statute which would permit the defendant-board to completely ignore the variance of the road from its true course and the resulting injury to the plaintiffs would deprive that statute of any logical meaning.

K.S.A. 19-212 provides that the board of county commissioners of each county shall have the power "[t]o lay out, alter or discontinue any road running through one or more townships in such county, *and also to perform such other duties respecting roads as may be provided by law.*" Emphasis added. K.S.A. 68-115 makes it the duty of each and every county engineer (agent of the board of county commissioners) to open or cause to be opened all state and county roads which have been laid out or established through any part of the county, to keep the same in repair, and to remove or cause to be removed all obstacles that

may be found therein. See *National Sign Co. v. Douglas County Comm'rs,* 126 Kan. 81, 266 Pac. 927 (1928).

We hold it to be the duty of the board of county commissioners of each county to maintain its county roads only along the true course of any such road, as originally laid out or subsequently officially altered, and, when necessary, to cause the county surveyor to take such corrective action as may be necessary to maintain the true course of the road, keep the same in repair, and remove or cause to be removed all obstacles that may be found therein. To this end, mandamus is proper.

Judgment of dismissal as against defendants-Manville is affirmed. Judgment of dismissal as against defendant-Board of County Commissioners of Doniphan County is vacated, and this cause is remanded for further proceedings consistent with this opinion.