### THE STATE OF CONNECTICUT *against* BISHOP :

#### IN ERROR.

An exception to a criminal proceeding, on the complaint of a grand-juror, before a justice of the peace, that the residence of such justice is not in the town where the offence was committed, is unavailable after a plea of *not guilty.*

Where it appeared from the record of such proceeding, that the offender was arrested and brought before the justice, *at his dwelling-house in B.*, it was held, that the residence of the justice in *B.*, was sufficiently shewn.

Where a statute prohibits an act under a penalty, and gives one moiety to the public and the other to a common informer, the state may prosecute for the whole, unless a common informer has commenced a *qui tam* suit for the penalty.

Where an act not criminal before, is prohibited, by a substantive clause in a statute, and in another section, a special remedy is given, an indictment or information will lie on the prohibitory clause.

Therefore, where a miller, on the complaint of a grand-juror for taking excessive toll, in violation of the statute, was found guilty, and sentenced to pay a fine of two dollars to the treasury of the town where the offence was committed ; it was held, that this proceeding was legal.

*New Haven,*
*July, 1828.*

*State*
*v.*
*Bishop.*

THIS was a complaint, exhibited by a grand-juror of the of the town of *Branford*, to *Benjamin Page*, Esq., a justice of the peace, against *Amos Bishop*, for taking excessive toll. The complaint alleged, that *Bishop*, being miller of a certain grist-mill, situate in said *Branford*, has, at sundry times, within one year past, taken as toll for grinding different kinds of grain, more than what the law allows ; particularly, on or about the 27th of *November* 1824, *John Russell* of said *Branford*, carried to said mill, and delivered to said *Bishop*, as miller of said mill, six bushels of provender, composed of different kinds of grain and corn ; and said *Bishop*, as miller of said mill, received said six bushels of provender to grind, and did grind the same ; and said *Bishop* did take to himself, as toll for grinding said six bushels of provender, twenty quarts thereof, contrary to the statute, &c. On this complaint a warrant was issued, directing the officer to arrest the body of *Bishop*, and him forthwith have before *Benjamin Page*, Esq., at his dwelling-house in said *Branford*. *Bishop* was accordingly arrested and brought before this magistrate ; and, after a trial, was found *guilty*, and sentenced to pay a fine of two dollars to and for the use of the treasury of the town of *Branford*, and costs of prosecution. On a writ of error, brought by *Bishop*, the superior court reversed this judgment ; and to reverse the judgment of the superior court, the present writ of error was brought.

*Kimberly,* for the defendant in error, and in support of the judgment of the superior court, contended, 1. That it does not appear, that the complaint was made to a justice of the peace in the town where the alleged offence was committed     *Stat.* 259. *tit.* 45. *s.* 2.

2. That it does not appear *when* and *where* the offence was committed.  The offence consisted in *taking the toll*, not in grinding the provender ; and it is not shown when or where the toll was taken.  [These points were not much pressed.]

3. That the facts alleged do not authorize the institution of criminal process, by an informing officer.  Here, it is to be kept in mind, that such facts constitute no offence at common law.  The toll was taken as a compensation for service performed ; and if it was excessive, the remedy at common law, if any, would be by a civil action.  *Rex* v. *Channel*, 2 *Stra.* 793.  Now, the statute which creates the offence, prescribes the mode of proceeding to recover the penalty, *viz.* by civil

action *qui tam.* *Stat.* 356. *tit.* 68. *s.* 2. This impliedly ex-
cludes the proceeding by information or indictment. It is a
fair inference, that the legislature did not intend, that the of-
fender should be prosecuted in any other way. *Castle's* case,
*Cro. Jac.* 644. 2 *Burr.* 803. In *Connecticut* especially, it
has always been understood, that where the statute gives a
precise sum, to be forfeited, one half to the party injured or a
common informer, and the other half to some public treasury,
a public prosecution is not sustainable. 2 *Swift's Syst.* 378.
This point was decided in *Converse* v. *The State,* in error, in
the superior court then consisting of six judges, in *Tolland*
county, *July* term, 1804. (*a*)  It was admitted also, in *The
United States* v. *Simms,* 1 *Cranch* 252. The expression " who
shall *sue* for," is appropriate to denote a civil action, but is not
applicable to a criminal information.

*N. Smith* and *Seeley,* for the state, contended, 1. That if a
public prosecution was sustainable in this case, the present
complaint was sufficient.  After the defendant has pleaded *not
guilty,* and judgment has been rendered against him, every fair
intendment is to be made in favour of the judgment. [The
counsel were proceeding to examine the record with reference
to this point, when the court intimated, that they had no doubt
upon it, and it was not pursued.]

2. That it was competent to a public officer to prosecute
for the offence charged, and recover the whole penalty for the
public use, if no suit had been previously commenced by a
common informer. First, this is the rule of the common law.
*The King* v. *Hymen,* 7 *Term Rep.* 536. And where an of-
fence is created by statute, and a penalty is annexed to it, by
a separate and substantive clause, a public prosecutor may dis-

(*a*) *Converse* was prosecuted, by a grand-juror, before justice *Alden,* for
keeping a tavern without licence ; was bound over to the county court ; and
after a trial, was found *guilty,* and fined four dollars to the county treasury.
On a writ of error, the superior court reversed this judgment.

By THE COURT, unanimously. The offence charged is no crime at common
law ; and the process can be only according to the statute. The statute only
authorizes a complaint or action, by a common informer, for penalties, which
are to be disposed of, one moiety to the informer, and the other to the town
treasurer. The grand-juror, as such, could not prosecute to effect. The
fine is disposed of by statute ; and the court below could not, by law, order it
to be paid to the county treasury.

*J. T. Peters,* for the plaintiff in error.

*Gilbert,* for the state.

regard the penalty, and proceed upon the prior clause for a crime or misdemeanor.   *The King* v. *Harris,* 4 *Term Rep.* 202. 205.   If the legislature do not mean to create an offence, but merely to give a right of action in favour of the individual injured, then indeed such individual alone can sue ; but if the legislature have prohibited certain acts, and have thus made the commission of those acts criminal, the common law will furnish a mode of prosecution, *viz.* by information or indictment.   That the taking of excessive toll is a violation of a public statute, and consequently, a public offence, is unquestionable.   *Com. Dig. tit* Information. B.   Secondly, this mode of prosecution is authorized by statute.   By the act of *October* 1814, *ch.* 15. it is provided, " That all penalties recoverable for the breach of any criminal or penal law, may be prosecuted or sued for, by information or action of debt, in the name of this state."   In the revised statutes, this provision constitutes a part of the 91st sect. of the act concerning Crimes, *p.* 170.   In addition to this, the act relating to grand-jurors makes it their duty to make presentment of *all* crimes and misdemeanors.   *Stat.* 259. *tit.* 45. *s.* 2.

HOSMER, Ch. J.   The case before us involves no manner of difficulty.

To the sufficiency of the grand-juror's information, it has been objected, that it does not appear, that it was made to a justice of the peace residing in the town where the offence was committed ; and that there is no allegation, shewing the time or place of its commission.

In respect of the *forum,* the defendant should have pleaded to the jurisdiction of the court.   By the plea of *not guilty,* the jurisdiction was admitted.   *Co. Litt.* 303.   1 *Chitt. Plead* 425. *Archb Plead.* 290.   Besides, the place of the justice's residence is apparent, not only by legal implication, but on the record. The offender was ordered to be arrested, and in fact was arrested, and brought before the justice, *at his dwelling-house in Branford.*

The remaining objection is unsupported by the fact.   It is explicitly averred, that " *Bishop* is miller of a certain gristmill, situate in said *Branford,*" at which place the offence was committed ; and that the time of its perpetration was *on or about* the 27th day of *November,* 1824.

The residue of the case will briefly be disposed of, by the statement and application of a few established principles.

A crime or misdemeanor is an act committed or omitted in violation of a law forbidding or commanding it, and consists in an infringement of the rights and duties due to the whole community. 4 *Bla. Com.* 5. Any offence against the public good and the first principles of justice and common honesty, is a crime ; and that the violation of a statute law, made for the universal protection of the community, and inflicting a penalty for the fraudulent privation of property, is of this description, there exists no doubt. 2 *Hawk. P. C. c.* 26. *s.* 1.

It is a well settled principle, that wherever a new offence is created by statute, and in the clause creating it, a special remedy is prescribed, such remedy is exclusive and must be followed. To this rule there is a qualification equally well established. Where a new created offence is prohibited, by a substantive clause in a statute, and in another section a special remedy is given, an indictment or information will lie on the prohibitory clause. *Com. Dig. tit.* Information. B. *The King* v. *Moor,* 2 *Mod.* 128. *Rex* v. *Wright,* 1 *Burr.* 544, 5. 1 *Show.* 402.

It is likewise indisputably established, without the aid of statute law on this subject, that where a statute prohibits an act under a penalty, and gives one moiety to the public, and the other to a common informer, the state may prosecute for the whole, unless a common informer has commenced a *qui tam* suit for the penalty. *Com. Dig. tit.* Information. A. 3. *Rex* v. *Clark* & al. *Cowp* 610. *Rex* v. *Hymen,* 7 *Term Rep.* 536.

The application of these principles is obvious.

By the 1st section of the statute, the taking of certain toll is prescribed, and all excess prohibited ; and no special remedy was designated. Of consequence, under this section the prohibited act was made criminal, and it was the duty of every grand-juror to prosecute for any breach of this provision. The 2nd section giving a moiety of the penalty to a common informer, to insure an enforcement of the law, did not take away the right of prosecution for the crime, founded on the prior clause. Besides, if the special remedy had accompanied the 1st section of the act, the state might prosecute for the offence, were it not anticipated, by a previous suit, brought by a common informer ; and no such anticipation is pretended.

The other Judges were of the same opinion, except PETERS, J.,

*NewHaven,* who was absent when the case was argued, and therefore, July, 1828. gave no opinion.