## VICTOR TARDE v. HERMANN BENSEMAN.

31  277
39a 477

The assessor and collector of taxes of a county may sue in a *qui tam* action, as an informer, as well as another, and recover the penalties prescribed in the statute, "to be accounted for by him and paid into the state treasury." (Paschal's Dig., Arts. 5153, 5156.)

There was no necessity why the judgment allowing a penalty for an occupation tax, without having paid the license tax, should direct one-half to be paid into the state treasury.  But an order to pay into the county treasury was error. (Paschal's Dig., Art. 5156.)

As the statute provides that the suit may be brought before any court of competent jurisdiction, and the general jurisdiction of the district court extends to all cases of escheats and forfeiture, it had jurisdiction of an amount under $100. (Paschal's Dig., Const., Art. IV, p. 57, sec. 10, Note 182.)

If a billiard table be kept for "occupation," the occupation was subject to the license tax imposed by the statute; because those "pursuing any occupation, trade, or profession" are by the constitution subject to a license tax. (Paschal's Dig., p. 942, Art. VII, sec. 27.)

Trade or profession imports a profitable pursuit, and, if the billiard table was kept for amusement and not for profit, it was not subject to taxation.

The use for which a billiard table was kept ought to have been left to the jury.

APPEAL from MEDINA.  The case was tried before Hon. E. F. BUCKNER, one of the district judges.

Benseman presented his petition to the district court, alleging that Tarde was keeping a billiard table, and had refused to pay the tax of fifty dollars, the license required by law.  Wherefore he sues him for $100.  The defendant pleaded to the jurisdiction because of the amount; he also demurred, and pleaded the general issue, and that the billiard table was kept for another person, and in a private room, and not for profit.

The motion to dismiss for want of jurisdiction was overruled.  The plaintiff also demurred to the special pleading of the defendant, "for that he admits he keeps a billiard table, and only denies that he keeps the same for profit to himself, whereas the law gives the penalty for the mere keeping of the billiard table, without reference to its being kept for profit."  This demurrer was sustained and the

special plea stricken out. The case was submitted to the jury without any proof whatever, and the court gave judgment for $100; $50 "to be paid to the county treasury." [See the briefs for further facts.]

*Geo. W. Paschal*, for appellant.—I. The questions are— 1. As to jurisdiction; 2. As to overruling the defendant's demurrer; 3. As to sustaining the plaintiff's demurrer; 4. As to rendering judgment without proofs.

The act of 1858 (O. & W. Dig., Art. 1938) requires "a license tax of $50 of each and every person or firm keeping a billiard table, for each and every table so kept." And the next section imposes a penalty of double the license tax, recoverable before any justice of the peace or court of competent jurisdiction, "one-half to be paid to the assessor and collector, which shall be accounted for by him and paid into the state treasury, as other license tax is required to be paid, and the other half to be paid to the informer." Probably the district court had jurisdiction concurrent with the justice of the peace. But we think it equally clear that the suit should have been brought in the name of the state, as well for the use of the state as the informer. Such is the universal rule as to *qui tam* actions. They are not rights which belong to the informer, but to the state.

II. The sustaining the demurrer to the special plea was certainly erroneous.

The amended petition averred " That Tarde pursued the occupation of keeping a billiard table, and that on divers days, before the 28th June, 1859, he did pursue the occupation of keeping a billiard table without first having obtained a license therefor, and that he demanded and received from various persons certain sums of money for the use of his said billiard table." "Wherefore a cause of action has accrued to plaintiff, and he prays judgment as in original petition."

The special answer to this was, "That the defendant keeps for another person a private billiard table, in his private room, for his own amusement and for the amusement of his boarders;" and, further, defendant says "that neither he nor the owner makes any charge whatever for the use of said table, neither do they derive any profit from the same, directly nor indirectly."

We have given the demurrer to this. It was certainly erroneously sustained. The mere ownership of a billiard table, or the storing of one in a private room, or the keeping there for amusement, and receiving no profit from it, cannot be what the statute intends. The keeping is classed with the "occupations," and, like all other intentions, it must be proved that the thing was kept as an occupation; that is, for the uses ordinarily understood, and which must have entered into the legislative mind.

III. The record and statement of facts show the extraordinary case of the demurrer to the special plea being sustained, and the case submitted on the plea of not guilty; and yet the court, without any other evidence than the special plea, found the defendant guilty, and mulcted him in the fine of $100. The court must have gone upon the notion that the demurrer to the petition admitted the facts, and therefore the proof of *gravamen* was unnecessary. But the demurrer did not admit the facts for the purposes of the trial, but only for the purpose of testing whether, admitting the case made by the petition to be true, the plaintiff had a good case in law. (Chambers v. Miller and Wife, 7 Tex., 75.)

*E. B. Turner, Attorney General*, for the appellee.—I. *Qui tam* action, instituted by appellee, assessor and collector of Medina county, to recover the penalty denounced in article 5156 Paschal's Digest, for failing to take out license, &c.

Objection is made to the suit because brought by the person to whom part of the penalty goes as informer. This is

the correct and proper practice.   (2 Bouv. Law Dic., 415; Bradley v. Baldwin, 5 Conn., 288; Hickman v. Littlepage, 2 Dana, 344; Burly v. Burly, 6 N. H., 200; 10 Wend., 97.)

Plea to the jurisdiction, the penalty being $100.   The district court had jurisdiction.

The cause was submitted to the judge, jury waived, and it appears from the record that the facts proved consisted in offering in evidence to the court the admissions contained in the defendant's answer.

II. By the constitution of 1845, article VII, section 27, the legislature is authorized to tax all persons pursuing any occupation, trade, or profession.   Under this power the legislature acted.   Defendant was assessed as a keeper of a billiard table, or rather was prosecuted for pursuing such occupation without license.   I wish to suggest that if this species of keeping, viz, for pleasure, comes within the meaning and spirit of taxing the occupation, then this recovery is proper.   If, on the other hand, the legislature is to be understood as taxing those occupations, trades, or professions which yield (or are supposed to yield) income, and constitute the business or occupation, in whole or in part, of a man, from which he intends and expects profits, in that case this tax may be questionable.   I make this suggestion, although the same more properly belongs to the defense, and as I am advised that some considerable litigation is growing out of the question, and I am desirous that the question be definitely settled.

The view taken by the judge who tried the case being that, the keeping being established, the defendant was liable if he could not produce his license.   Although the keeping of the table was for pleasure and not for profit, if this view be correct, then I am of opinion that the judgment should be reformed, so that the one-half go to the state and the other half to the plaintiff.

LINDSAY, J.—This was a suit brought by the appellee, as

relator, against the appellant, upon a penal statute prohib-
iting the keeping of a billiard table without having first
obtained a license therefor.

The suit was brought by the assessor and collector in the
character of an informer, as a *qui tam* action, as is averred
in the petition itself, in which he states he sues as well for
the State of Texas as for himself.   Certainly the assessor
and collector might become the informer as well as another,
and be entitled to one-half the penalty prescribed by the
statute; and, being the real actor in this suit, he was enti-
tled to receive the whole judgment, one-half of which
would have to "be accounted for by him and paid into the
state treasury," as directed by the express language of the
statute.

There was no necessity for the judgment to direct the
assessor and collector to pay himself, nor to pay into the
state treasury.   The collection of the judgment would
have created, *ipso facto*, his liability to the state treasury,
which could not be enhanced by the judgment of the court
in this case.   But the judgment of the court directed pay-
ment to the county treasurer, which was certainly an error,
of which the appellee might have complained, but not the
appellant.

Of the jurisdiction of the district court in a case of this
kind, concurrently with that of a justice of the peace, we
entertain no doubt, as the statute itself provides that the
suit may also be brought before "any court of competent
jurisdiction." The general jurisdiction of the district courts
extended to all cases of penalties, forfeitures, and escheats,
and they possessed full authority by the constitution to
take cognizance of all such cases.

The real and important question in this case was raised
by the demurrer to the special defense set up in avoidance
of the action, to wit, the keeping of a billiard table for
amusement and not for profit.   If in this case the keeping
of the billiard table was an "occupation," the occupation

was subject to the license tax imposed by the statute, because the constitution expressly warrants such legislation. The special defense set up made the issue directly, whether the keeping of the billard table in this case was an "occupation," as contemplated by the constitution and the statute. If the facts stated in the special plea be true, that is, if the billiard table was simply kept for amusement, and not with a view to profit, was the owner, or the person who gave some attention to it while others were amusing themselves by playing on it, engaged in an occupation which was subject to taxation under the statute? What is an occupation in contemplation of the constitution and the law? The connection in which the word "occupation" stands in the constitution would seem to give some indication of what was intended by it. It says: "Pursuing any occupation, trade, or profession." Certainly the two latter, "trade or profession," import profitable pursuits. Why not the former? All lexicographers, in defining this word in the sense of business, give the word that complexion. It is the usual and customary acceptation of the term. If this be so, (and we think it is quite obvious,) and the billiard table was simply kept for amusement, and not for profit, then it was not a proper subject of taxation in this way. The same section of the constitution which empowers the legislature to tax "occupations" declares: "Taxation shall be equal and uniform throughout the state. All property in this state shall be taxed in proportion to its value," &c. This mode of taxation of a billiard table, merely as property, would conflict with the constitution. We think, therefore, that the demurrer to the special plea of the defendant in the district court ought to have been overruled, and the proof let in to show the character of keeping of the billiard table. For these reasons the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.