### W. H. GIBBS v. THE STATE.

#### No. 1396.   Decided June 24, 1898.

1.   **Illegally Fencing Land of Another—Prosecution for—How Instituted and Carried on.**

A prosecution under provision of Penal Code, article 509, for unlawfully making or permitting a fence to remain standing around the land of another, must be instituted and prosecuted in the name of the State, notwithstanding one-half of the fine collected goes to the informer. It would be proper for the indictment to show the name of the informer, but under our Constitution all prosecutions for offenses must run in the name of the State   [Overruling State v. Garcia, 38 Texas, 543, and Rawlings v State, 39 Texas, 200.]

2.   **Same—Indictment.**

An indictment for unlawfully permitting a fence to remain standing around the land of another, brought under provisions of article 509, Penal Code, to be sufficient must show that the fence was so permitted to remain for the space of three months. It is no offense unless the fence is permitted to remain for the space of three months, and each three months constitutes a separate offense.

3.   **Same—Description of Land.**

An indictment for unlawfully permitting a fence to remain standing around the land of another is sufficient which charges that the premises was a half section of land without specifying the number of acres.

APPEAL from the County Court of Knox.   Tried below before Hon. C. HOOD, County Judge.

Appeal from a conviction for unlawfully making and permitting a fence to remain standing around the land of another; penalty, a fine of $1.25.

The indictment is set out in the opinion.   The defendant attacked its sufficiency in his motion in arrest of judgment, which was overruled.

*J. H. Glasgow,* for appellant.

*Nat P. Jackson* and *Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted for making, and permitting to remain standing, a fence, on land not his own, without the written permission of the owner, and appeals.

The indictment is drawn under article 509 of the Penal Code, and the charging part is in the following language: That "W. H. Gibbs did then and there unlawfully and knowingly make, and permit to remain standing, a fence on and around the land of J. A. Sherwood, to wit, the east one-half of section No. 20, certificate No. 145, block 2, Dallas &

Wichita Railroad Company, situated in Knox County, Texas, without the written consent of the said J. A. Sherwood, duly acknowledged by him," etc. The act in question is in the following terms: "If any person or corporation shall knowingly make or permit to remain standing any fence on or around the land of another, or the public, * * * without the written consent of the owner thereof duly acknowledged, * * * he shall be deemed guilty of a misdemeanor, and upon conviction thereof fined in any sum not less than fifty cents nor more than one dollar per acre per month for each month so inclosed, or fined and imprisoned in the county jail for any period not over two years." In a subsequent portion of said act, in the same section, is the following: "Half of all fines collected under the provisions of this act shall be paid to the person or persons informing on the person or corporation who shall unlawfully inclose any land: provided that each three months said land is so inclosed shall constitute a separate offense."

The first proposition presented is whether or not a prosecution under this statute can be maintained under an indictment; it being insisted, under the statute, that, inasmuch as a part of the fine goes to the informer, it can only be prosecuted in the name of the informer, as a qui tam action. We are referred to the authorities in this State on the subject. Two cases appear to hold that the prosecution can only be maintained in the name of the informer. These are State v. Garcia, 38 Texas, 543, and Rawlings v. State, 39 Texas, 200—both decided by the Supreme court during the reconstruction period. In support of these opinions no authority whatever is cited. The question does not seem to have been discussed. The rule, however, is held in those cases, as stated before, that the prosecution of such suits must be conducted by the informer. The Attorney-General, in his brief in the case of Tarde v. Benseman, 31 Texas, 277, cites authorities in support of the proposition. We have consulted these authorities, and they do not support the proposition. The authorities cited are to the effect that the informer can prosecute or institute the suits, as the case may be. This is not denied, the issue being whether in all cases the prosecution must be conducted by the informer. We are also cited to the case of Doss v. State, 6 Texas, 433. This case has nothing whatever to do with the question at issue. When we refer to the authorities upon this subject, we find that, where a statute does not in terms define in whose name the suit shall be conducted for the recovery of any penalty for its violation, the suit must be in the name of the people or State. See People v. Young, 72 Ill., 411; Caroon v. Rogers, 51 N. C., 240. Where a statute prohibits an act, under a penalty, and one moiety goes to the public and the other to the informer, the State may prosecute for the whole, unless the informer has commenced a qui tam action. See State v. Bishop, 7 Conn., 181; Com. v. Howard, 13 Mass., 222; Rex v. Hymen, 7 Term R., 536. These cases discuss the very question involved in this case, and settle the question in favor of the right of the State to prosecute, at least when no action or proceeding has been instituted by the informer. Viewing this question

from another standpoint: The statute makes it a crime,—an offense,—and annexes a penalty thereto. Now, then, can a prosecution be had at all by an informer? Under our Constitution all prosecutions must run in the name of the State, and this is the fundamental law of the State. We are of opinion that while proceedings in qui tam actions may have been by the informer, by the commonwealth, or by the State in other jurisdictions, under the provisions of our Constitution, it being an offense, the prosecution must run in the name of the State. So far as the disposition of the proceeds of the recovery where a fine is assessed is concerned, that can be distributed by the court trying the case. In such case it would be proper that the indictment or complaint show the name of the informer, and this would be sufficient authority for the court to make a disposition of the fine recovered.

Another question presented in this case is as to the validity of the indictment. The indictment fails to show the length of time in which the fence was permitted to stand or remain around said land. The statute provides that upon conviction the party shall be fined in any sum not less than 50 cents nor more than $1 per acre per month for each month the land may be inclosed. Evidently the land must be inclosed for a month, or there could be no penalty affixed. This demonstrates that the erection of the fence, though without the written permission of the owner, is no offense unless it remains for the space of three months. This is in accord with the form of indictment prescribed for this offense in White's New Penal Code, section 843. This is not like a case in which the statute provides that each day is a separate offense, because a day, in law, is indivisible. But under this statute we look to the proviso to the effect that each three months constitutes an offense, in connection with the provision in relation to the penalty; and we come to the inevitable conclusion that the act of making or erecting the fence, of itself, constitutes no offense against the statute. The object of these provisions was evidently to give the party time in which to remove the fence, if he had built the same on the land of another. To illustrate: Suppose the accused built a fence on the land of another, but, before the expiration of one month, removed the same. Evidently he would be guilty of no offense. Why? Because no punishment is annexed thereto. If the offense was not complete when the fence was placed there it was evidently incomplete until it had remained there for the space of three entire months.

It is further contended that the indictment is defective because it fails to allege the number of acres. We do not think this contention well taken. The indictment expressly charges that defendant inclosed a half section of land. We understand that a section contains 640 acres of land. A half section would therefore contain 320 acres, and we think the indictment was sufficiently definite in this respect. For the failure to allege that appellant permitted said fence to be and remain around said inclosure for the space of three months, the judgment is reversed and the cause dismissed.

*Reversed and dismissed.*