IN THE MATTER OF THE APPLICATION OF MICHAEL
SALVI FOR A WRIT OF *HABEAS CORPUS.*

Superior Court of New Jersey
Law Division

Decided August 19, 1960.

*Mr. Benedict E. Lucchi,* attorney for applicant.

LONG, J. C. C.   This is an application for a writ of *habeas corpus* by a defendant presently incarcerated at New Jersey State Prison pursuant to a sentence of life imprisonment on a plea of *non vult* to an indictment for murder. The matter was referred to me by Assignment Judge Thomas J. Stanton for disposition.

The defendant was indicted in Morris County for murder by an indictment charging that defendant on May 17, 1957, *in the Town of Morristown, in the County of Morris aforesaid,* and within the jurisdiction of this court, did willfully, feloniously and of his malice aforethought kill and murder Joan Vecchio.   The indictment was filed in the Superior Court on July 23, 1957 and ordered assigned to the County Court for trial and disposition.   Two counsel had previously been assigned to the defendant under date of June 5, 1957. On July 30, 1957 a plea of not guilty was entered. · On September 18, 1957 the not guilty plea was retracted and a plea of *non vult* was submitted by defendant and his counsel and was accepted by the court.   On September 25, 1957 he was sentenced to life imprisonment.

The complaint applying for a writ of *habeas corpus* sets forth that defendant's confinement and detention are illegal because the crime was actually committed in Somerset County in the State of New Jersey, rather than in Morris County.   The complaint states that upon interrogation by the prosecutor's office of Morris County the defendant said the crime had been committed in the Town of Morristown

in Morris County and that the defendant had also given information to the same effect to his court-appointed attorneys; but that such statements were not true and that the crime was actually committed in the Township of Green Brook in the County of Somerset. Included are some details to the effect that the defendant drove the victim, Joan Vecchio, from Summit, New Jersey, into Somerset County; that a discussion arose between them as to their "future course of conduct"; that he brought his car to a stop off the highway so the matter could be discussed; that during the course of the discussion the crime occurred; and that thereafter he returned to his home in Morristown where he informed his mother what had taken place and the police were called.

This court had doubts of the sufficiency of the complaint on its face and advised defendant's counsel thereof, stating that an opportunity would be given to counsel to present the matter to the court and cite authority, if he so desired. Counsel did so desire; he was heard on August 16, 1960 and presented a comprehensive brief to the court.

Defendant makes two main arguments: (1) because the offense was actually committed in Somerset County, the indictment by the Morris County grand jury was invalid and the Morris County Court had no jurisdiction; and (2) the crime was one of passion, there was no premeditation, the prosecutor could not prove premeditation, the facts did not warrant a finding of first degree murder but only of second degree murder, and the sentence was therefore in excess of what was warranted by the facts and should be corrected. Upon questioning, defendant's counsel stated that if the writ should be issued, proofs would be directed solely at the questions of where the crime was committed and whether the facts would sustain a finding of anything other than second degree murder.

I understand from *State v. Cynkowski*, 10 *N. J.* 571 (1952), that the court may issue the writ for hearing thereon or may dismiss the petition for insufficiency on its

face or may call for a formal answer by the State. I recognize also the "contemporary climate of caution" discouraging the denial of the writ without hearing as referred to in *Worbetz v. Goodman,* 47 *N. J. Super.* 391 (*App. Div.* 1957). But I take it that there is no reason to grant the writ and a hearing thereon when the facts stated, and assumed to be true for present purposes, do not, in my opinion, furnish a proper basis for the granting of relief.

On the jurisdictional question, the defendant argues that (1) an indictment by a Morris County grand jury for an offense committed in Somerset County is null and void and the indictment in this case was therefore invalid, and (2) the Morris County Court had no jurisdiction to render judgment for an offense committed in Somerset County and impose a sentence therefor, and any rule of court attemping to grant authority to a County Court to try an offense committed in another county would be unconstitutional. Counsel takes the position that the only test of jurisdiction is—where did the crime *actually* take place; not where it is charged or admitted to have taken place, but where, as an absolute matter of fact, did it take place—which question, presumably, can be raised and explored at any time.

It is, of course, true that the Morris County grand jury cannot indict for an offense in Somerset County and a Morris County Court cannot try and sentence for an offense in another county. However, that does not settle the question presented here. The law does not operate in a vacuum. It would make no sense whatever to this court if a man charged with committing a murder in Morris County, who is represented by able counsel, who admitted the offense as charged, who formally admitted the offense by his voluntary plea of *non vult,* and who avoided a possible death penalty by the court's acceptance of his plea of *non vult,* should three years later be able to obtain his discharge on the ground that he actually committed the killing in some other county.

The defendant had opportunity for a fair trial if he desired it and the right of appeal for an erroneous conviction. He chose to plead *non vult*. If a convicted defendant neglects to appeal or take other appropriate steps within the time allowed, he loses his right to attack his conviction except by *habeas corpus* on the limited ground that the trial court lacked jurisdiction and the conviction was therefore void. *State v. Cynkowski, supra.*

The court here had jurisdiction of the defendant and of the subject matter, the indictment charged a murder in Morris County, the defendant admitted the offense as charged, and there is nothing to indicate that the plea of *non vult* was not fairly entered. The court was therefore competent and no jurisdictional defect would appear. *State v. Cynkowski, supra.* There is no suggestion that the plea was entered under circumstances which would render its acceptance fundamentally unfair or shocking to a sense of justice. Rather would it be shocking to permit the defendant's present denial of facts expressly admitted by his plea of *non vult to* furnish a basis for attack on a conviction for a killing which he admits committing.

Support for the views above expressed is found in *Ex parte Terry,* 71 *Kan.* 362, 80 *P.* 586 (*Kan. Sup. Ct.* 1905); *Lehman, Sheriff v. Sawyer,* 106 *Fla.* 396, 143 *So.* 310 (*Fla. Sup. Ct.* 1932); *Walsh v. Archer,* 73 *F.* 2d 197 (9 *Cir.* 1934); *Perell v. Warden of State's Prison,* 113 *Conn.* 339, 155 *A.* 221 (*Conn. Sup. Ct. Err.* 1931).

Concerning the claim that the sentence imposed was erroneous, defendant refers to *R. R.* 3:7–10(*a*), which provides that to correct manifest injustice the court, after sentence, may set aside the judgment of conviction and permit defendant to withdraw his plea. It is not clear that defendant actually wishes to withdraw his plea but, in any event, neither the complaint nor the matters proposed to be proved by defendant would in my opinion support a claim of manifest injustice.

Defendant also cites *R. R.* 3:7–13, which provides that an illegal sentence may be corrected at any time. The sentence here was not illegal. Furthermore, after a plea of *non vult* defendant is not entitled to a trial of the issue of the degree of his actual guilt. *State v. Magonia,* 25 *N. J.* 95 (1957).

It is therefore concluded that the complaint is insufficient on its face and the writ is denied.