IN THE MATTER OF THE APPLICATION OF MICHAEL SALVI, PETITIONER-APPELLANT, FOR A WRIT OF HABEAS CORPUS.

Argued March 20, 1961—Decided April 10, 1961.

*Mr. Ronald J. Picinich* argued the cause for appellant (*Mr. Benedict E. Lucchi,* attorney).

*Mr. Bertram Polow,* First Assistant Prosecutor, argued the cause for respondent, State of New Jersey (*Mr. Frank C. Scerbo,* Morris County Prosecutor, attorney).

The opinion was delivered

PER CURIAM. Upon a plea of *non vult* in the Morris County Court to an indictment for murder, assigned to that tribunal for disposition, *R. R.* 3:4–1a, defendant was sentenced to life imprisonment on September 25, 1957. In August 1960 he sought a writ of *habeas corpus,* which the trial court denied after hearing counsel as to the legal sufficiency of the moving papers. From the resulting judgment, this appeal ensued.

The indictment alleged the murder was committed in Morris County. It is not disputed the body of the victim was found there. Although defendant admits he informed the prosecutor and his then counsel that the fatal injury was inflicted in Morris County, he now says the slaying occurred in Somerset County. Upon this assertion, he contends the grand jury sitting in Morris County lacked "jurisdiction" to indict him and the Morris County Court lacked "jurisdiction" to enter the judgment of conviction.

We pass the question whether, if jurisdiction thus depends upon an issue of fact, one who concedes the truth of the allegation of the indictment as to the place of the crime may seek to litigate the factual question after final judgment.

With respect to the "jurisdiction" of the grand jury, the case is controlled by our recent decision in *State v. DiPaolo,* 34 *N. J.* 279 (1961). We there held the constitutional provision for indictment did not embody a rule of venue and hence a question as to venue does not implicate the jurisdiction of the grand jury to indict. We add, although it is of no significance at this stage, that the body

of the victim admittedly was found in Morris County and accordingly the venue provision of our rules of court was in fact met.

In questioning the "jurisdiction" of the County Court to enter judgment, defendant relies upon *N. J. S.* 2A :3–4, which provides that the County Court "shall have cognizance of all crimes and offenses of an indictable nature which have been or shall be committed or attempted in the county in and for which the court is held, and shall have authority to punish all persons convicted thereof, according to law." There is no doubt about the jurisdiction of the County Court with respect to the subject matter, *i. e.,* murder, or of the person of the defendant. The argument is that the Legislature intended to limit that court's jurisdiction by a venue concept.

The statute was intended only to grant to the County Court authority to deal with criminal matters initiated before it. It was not intended to deal obliquely with the subject of venue. As we pointed out in *DiPaolo,* the Legislature repealed the venue statutes when it revised *Title* 2 after the adoption of the present Constitution, to the end that the Supreme Court might deal with the subject under its rule-making power. Nor does the statute deny the authority of the County Court to try matters referred to it by a court of state-wide jurisdiction. It was within the traditional power of the King's Bench to send indictments down for disposition by local courts, 1 *Holdsworth, A History of English Law, pp.* 84, 120 (1903), which power passed to the former Supreme Court, Clevenger, "The Courts of New Jersey," 18 *N. J. L. J.* 262, 265, 266 (1895); *Nixon's Dig. p.* 1074 (*4th ed.* 1868); *State v. Collins,* 2 *N. J.* 406, 410 (1949), and then to the present Superior Court, *Abbott v. Beth Israel Cemetery Ass'n of Woodbridge,* 13 *N. J.* 528, 538 (1953). The Constitution and the implementing legislation sought to increase the efficiency of the judicial system and not to hobble it.

The judgment is affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.