HARRY L. REED *v.* FREDERICK G. REINCKE, WARDEN, CONNECTICUT STATE PRISON

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

Argued October 6—decided November 29, 1967

*Donald G. Walsh,* special public defender, for the appellant (plaintiff).

*Robert K. Walsh,* assistant state's attorney, with whom, on the brief, was *George R. Tiernan,* state's attorney, for the appellee (defendant).

ALCORN, J. On February 7, 1963, the plaintiff was arrested under two bench warrants issued by the Superior Court pursuant to original informations filed by the state's attorney. One information, in two counts, charged the plaintiff with the crime of kidnapping in violation of General Statutes § 53-27 and with the crime of rape in violation of General

Statutes § 53-238. The other information charged him with the crime of robbery with violence in violation of General Statutes § 53-14. The prevailing Connecticut procedure was followed in conformity with General Statutes § 54-43 so that the warrants were issued without facts supported by oath or affirmation from which the judge or court could independently determine that probable cause existed for their issuance. On February 8, 1963, the plaintiff was presented in the Superior Court and pleaded not guilty to all three counts. On February 14, 1963, he was again presented and, on that date, pleaded guilty to all three counts. On both appearances before the Superior Court he was represented by experienced counsel.

On March 12, 1963, the court adjudged him guilty on all counts and sentenced him to imprisonment in the state prison. He took no appeal and was committed to prison, where he has since been confined. The period allowed for an appeal expired in March, 1963. General Statutes § 54-95; Practice Book § 601.

On November 9, 1965, this court decided, in *State v. Licari*, 153 Conn. 127, 132, 214 A.2d 900, that the fourth amendment to the constitution of the United States, as interpreted and applied by the United States Supreme Court through the fourteenth amendment, required, "inter alia, that a state's attorney applying for a bench warrant submit facts, supported by oath or affirmation, from which the judge or court can make an independent determination that probable cause exists for the issuance of the bench warrant under General Statutes § 54-43." We stated (p. 129) that an attack seasonably made by the accused on the court's jurisdiction of his person and premised on the illegality of the warrant would require a dismissal of the case against him.

Thereafter, on January 18, 1966, the plaintiff, acting pro se, filed the present application for a writ of habeas corpus in which he sought "an order dismissing the information against him, [and] directing his immediate release." The writ issued, and, on February 24, 1966, the court appointed counsel to represent the plaintiff. Following a hearing, the court, on June 28, 1966, dismissed the plaintiff's petition and thereafter granted his application for a review, by this court, of "the question of whether or not the Licari doctrine should be given retrospective application" to the plaintiff's case.

The parties have made no issue, and consequently we need not decide, whether habeas corpus is a proper vehicle to raise the question presented. Habeas corpus provides a special and extraordinary legal remedy for illegal detention. *Bissing* v. *Turkington,* 113 Conn. 737, 740, 157 A. 226. The usual question presented is the jurisdiction of the court to render the judgment attacked by the writ. *Wojculewicz* v. *Cummings,* 143 Conn. 624, 628, 124 A.2d 886. There is substantial authority for the proposition that, when the question at issue is the jurisdiction of the person, and that appears on the face of the record, any defect will have been cured by waiver or consent so that habeas corpus will not lie. See *Wagner* v. *Hunter,* 161 F.2d 601, 603 (10th Cir.), cert. denied, 332 U.S. 776, 68 S. Ct. 39, 92 L. Ed. 361, rehearing denied, 333 U.S. 878, 68 S. Ct. 895, 92 L. Ed. 1154; *Application of Salvi,* 63 N.J. Super. 11, 15, 163 A.2d 561, aff'd, 34 N.J. 450, 170 A.2d 11; *In re Shaffer,* 70 Mont. 609, 615, 227 P. 37. Consequently, although habeas corpus may be a proper means of attacking the legality of an arrest before plea and trial, it has been rejected as a proper means, after judgment, of attacking the legality of

an arrest which led up to the judgment; *State ex rel. Farrington* v. *Rigg,* 259 Minn. 483, 486, 107 N.W.2d 841; or of testing the sufficiency of a warrant issued, prior to judgment, by a court of competent jurisdiction. *In re Milecke,* 52 Wash. 312, 313, 100 P. 743. We shall confine our consideration, however, to the single question presented by the parties.

The plaintiff does not complain that either information failed adequately to inform him of the charges made against him. His guilt of those charges is admitted. No claim is made, nor could one properly be made, that, when the plaintiff was adjudged guilty, the Superior Court lacked jurisdiction of the subject matter. General Statutes §§ 54-17, 54-42. His only claim is that his conviction must be set aside because the arrest warrants by which he was brought before the court were, if the *Licari* case is given restrospective effect, illegal.

In six recent criminal cases we have accorded partial retrospective application to changes in the law announced by the United States Supreme Court. *State* v. *Wilkas,* 154 Conn. 407, 225 A.2d 821; *State* v. *Vars,* 154 Conn. 255, 224 A.2d 744; *State* v. *Annunziato,* 154 Conn. 41, 221 A.2d 57; *State* v. *Hanna,* 150 Conn. 457, 191 A.2d 124; *State* v. *Fahy,* 149 Conn. 577, 183 A.2d 256, reversed, 375 U.S. 85, 84 S. Ct. 229, 11 L. Ed. 2d 171; *State* v. *DelVecchio,* 149 Conn. 567, 182 A.2d 402. The element in each of these cases to which retrospective effect was given had arisen subsequent to the trial as a result of a decision of the United States Supreme Court and during the pendency of an appeal to this court. Most important, however, is the fact that the element involved affected the substance of a fair trial.

We have twice dealt with the retrospective application of overruling decisions in civil cases. *Chykirda* v. *Yanush,* 131 Conn. 565, 569, 41 A.2d 449; *Mickel* v. *New England Coal & Coke Co.,* 132 Conn. 671, 676, 47 A.2d 187. In the *Chykirda* case, we not only did not apply the decision retrospectively but gave it a prospective application even to the exclusion of the parties to the case. In the *Mickel* case, we applied the change in substantive law announced in *Chase* v. *Fitzgerald,* 132 Conn. 461, 45 A.2d 789, to the *Mickel* case, which was pending when the *Chase* case was decided.

The United States constitution neither requires nor prohibits the retrospective application of a decision overturning prior pronouncements of the law. *Linkletter* v. *Walker,* 381 U.S. 618, 629, 85 S. Ct. 1731, 14 L. Ed. 2d 601; *Tidal Oil Co.* v. *Flanagan,* 263 U.S. 444, 450, 44 S. Ct. 197, 68 L. Ed. 382. The courts of the states are free to determine the extent to which new decisions are to have retrospective effect. *Great Northern Ry. Co.* v. *Sunburst Oil & Refining Co.,* 287 U.S. 358, 364, 53 S. Ct. 145, 77 L. Ed. 360. In contrast to our prior decisions to which we have referred, the plaintiff would now have retrospective effect given to what is, in reality, a procedural matter having no effect on the essential justice of his conviction in a case which had gone to judgment before the *Licari* case was decided and without the issue having been raised until this habeas corpus petition was filed.

The *Licari* case "amounted merely to a recognition and acceptance, and, indeed, an application, by Connecticut of settled law as laid down by the Supreme Court of the United States in cases such as *Giordenello* v. *United States,* 357 U.S. 480, 78 S. Ct. 1245, 2 L. Ed. 2d 1503." *State* v. *Orsini,*

155 Conn. 367, 378, 232 A.2d 907. Although the *Giordenello* decision set aside a conviction obtained in a trial which followed an arrest on a warrant adjudged to be illegal, that result was reached, not merely because of the invalidity of the arrest warrant, but because the heroin which had been seized incident to the illegal arrest by virtue of that warrant was admitted in evidence at the trial and thereby tainted the justice of the trial which followed. The case now before us is in no way comparable to the *Giordenello* case since no claim of an unfair trial is involved. Moreover, the *Licari* case applied the *Giordenello* rule in a direct appeal from the judgment and on facts disclosing that the state made no claim that the accused had consented or voluntarily submitted to the jurisdiction of the court. *State* v. *Licari,* 153 Conn. 127, 130, 214 A.2d 900.

In the present case, the state claims that, by his pleas of not guilty and guilty, while represented by experienced counsel, the plaintiff consented to the jurisdiction over his person and waived any defect in the bench warrants. *State* v. *Bishop,* 7 Conn. 181, 184; see *State* v. *Wolcott,* 21 Conn. 272, 280. As we pointed out in *State* v. *Licari, supra,* our procedure in civil cases requiring preliminary matters to be disposed of before issue is joined applies, so far as adaptable, to criminal cases. Practice Book § 468. Consequently, it is necessary to raise a claim of lack of jurisdiction of the person prior to a plea on the merits if a waiver of any claimed illegality or a voluntary submission to the jurisdiction is to be avoided. The plaintiff claims, on the other hand, that a state procedural requirement of this sort cannot obstruct his exercise of federal constitutional rights, under the rule of *O'Connor* v. *Ohio,*

385 U.S. 92, 87 S. Ct. 252, 17 L. Ed. 2d 189. This claim, however, overlooks the fact that the *O'Connor* rule was applied in a case which was on direct appeal and not in a case such as the one now before us in which the judgment had become final long before the procedural issue was raised.

It is the proper presentment of the information—not the arrest—which is essential to initiate a criminal proceeding. *Tracy* v. *Williams,* 4 Conn. 107, 112. Arrest and detention are primarily for security purposes and not for the purpose of conferring jurisdiction. See *Pelak* v. *Karpa,* 146 Conn. 370, 372, 151 A.2d 333; *Copes* v. *Malacarne,* 118 Conn. 304, 306, 172 A. 89. The affidavit now required by the *Licari* case pursuant to the rule in cases such as *Giordenello* v. *United States,* 357 U.S. 480, 78 S. Ct. 1245, 2 L. Ed. 2d 1503, serves only to furnish the basis for the application for the warrant. It does not affect the validity of the information so far as the information properly charges an offense. And an arrest under the authority of an illegal warrant does not affect the jurisdiction of the trial court when no timely objection is made and the information to which the accused is called upon to answer is valid. *Albrecht* v. *United States,* 273 U.S. 1, 8, 47 S. Ct. 250, 71 L. Ed. 505. The court's jurisdiction rests, not on the legality of the arrest warrant, but on the court's legal cognizance of the subject matter, that is, the offense, and of the person of the alleged offender. 21 Am. Jur. 2d, Criminal Law, § 378. Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings in question belong. *Case* v. *Bush,* 93 Conn. 550, 552, 106 A. 822. It is a matter of law and can be neither waived nor conferred by consent of the accused. Jurisdiction of

the person may, on the other hand, be acquired by consent of the accused or by waiver of objection, and it is waived by pleading not guilty and going to trial. *Albrecht* v. *United States,* supra; 21 Am. Jur. 2d, Criminal Law, § 379. If the court has jurisdiction of the subject matter, as it had in the present case, the rule is generally recognized that, if an accused person is physically before the court on a proper accusatory pleading, any invalidity in his original arrest is immaterial. *United States ex rel. Langer* v. *Ragen,* 237 F.2d 827, 829 (7th Cir.); *Commonwealth* v. *Gorman,* 288 Mass. 294, 300, 192 N.E. 618, note, 96 A.L.R. 982; *Henderson* v. *Maxwell,* 176 Ohio St. 187, 198 N.E.2d 456; *In re Davis* v. *Rhay,* 68 Wash. 2d 496, 499, 413 P.2d 654; *State* v. *Green,* 244 La. 80, 89, 150 So. 2d 571; 22 C.J.S. 382, Criminal Law, § 144.

On two recent occasions, the validity of bench warrants has been attacked on the authority of the *Licari* case. In *State* v. *Darwin,* 155 Conn. 124, 141, 230 A.2d 573, the issue had not been raised in the trial court, and consequently we refused to entertain it on appeal. In *State* v. *Orsini,* 155 Conn. 367, 378, 232 A.2d 907, the issue was raised in the trial court but not until eleven months after the accused had voluntarily submitted to arrest while accompanied by his attorney, and we held that the invalidity of the warrant was waived. We said (p. 14): "The conduct of the defendant amounts to a submission to the court's jurisdiction of his person and a waiver of the defect of the bench warrant."

The proper way to raise an issue of an illegal arrest is by a plea to the jurisdiction. In proper sequence, such a pleading must precede the joinder of issue on the information by a plea of not guilty or guilty. The effect of the failure to make such

a plea to the jurisdiction is to waive the question of the jurisdiction of the person. *Ford* v. *United States,* 273 U.S. 593, 606, 47 S. Ct. 531, 71 L. Ed. 793. Mr. Justice Black has stated the proposition succinctly in *Frisbie* v. *Collins,* 342 U.S. 519, 522, 72 S. Ct. 509, 96 L. Ed. 541, as follows: "This Court has never departed from the rule announced in *Ker* v. *Illinois,* 119 U.S. 436, 444 [7 S. Ct. 225, 30 L. Ed. 421], that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.' No persuasive reasons are now presented to justify overruling this line of cases. They rest on the sound basis that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will."

The plaintiff suggests to us no way in which he has been denied due process of law or has suffered prejudice requiring a retrospective application of the *Licari* case. He was charged with three very serious crimes and was convicted on his own admission of his guilt. The state did not, as it did in the *Licari* case, fail to contest the claim that the accused had not consented to the jurisdiction of his person and waived the illegality of the warrants.

A question of jurisdiction, which may not be waived or which may not be conferred by consent, must, of course, be considered and decided whenever it appears. No such question was present in the *Licari* case because, as already stated, the issue of

jurisdiction of the person present in that case, unlike jurisdiction of the subject matter, could be consented to or waived.

In the case now before us, the state has claimed that the plaintiff did, by pleading to the informations, waive the illegality of the warrants and consent to the jurisdiction of his person. The burden of proof on that issue rested on the state. *State* v. *Licari,* 153 Conn. 127, 130, 214 A.2d 900. That burden, however, is quite different in a case such as the present from what it is in cases involving the legality of a search warrant such as *State* v. *Hanna,* 150 Conn. 457, 469, 191 A.2d 124, and *State* v. *Collins,* 150 Conn. 488, 494, 191 A.2d 253. Proof of consent to a search and seizure, from its very nature, is likely to call for evidence of events occurring outside the courtroom. Proof of waiver of the illegality of an arrest and consent to the jurisdiction of the person can, and indeed does, in the absence of some mitigating factor not present here, rest on the record of the plea of guilty or not guilty.

The fundamental basis for testing whether a decision should be given retrospective effect is whether the rule which it lays down goes "to the fairness of the trial—the very integrity of the fact-finding process." *Linkletter* v. *Walker,* 381 U.S. 618, 639, 85 S. Ct. 1731, 14 L. Ed. 2d 601. On the basis of that test, there is no occasion to give retrospective effect to the *Licari* case in the present case.

There is no error.

In this opinion the other judges concurred.