### STATE OF CONNECTICUT *v.* WALTER RYAN

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 15715
AT NEW HAVEN

Memorandum filed June 24, 1970

*Arnold Markle,* state's attorney, for the state.

*Saltman, Weiss, Weinstein & Elson,* of Bridgeport, for the defendant.

PALMER, J. The defendant is charged with the crime of conspiracy. He was arrested on June 23, 1969, pursuant to a bench warrant issued by a judge of the Superior Court, upon an original information and affidavit filed by the state's attorney. At all times in question he was represented by competent counsel. On July 30, 1969, he entered a plea of not guilty to the information. Thereafter, on August 22, 1969, he filed the present motion "that the information be quashed and that the charges against him be dismissed" on the ground that the affidavit filed in support of the application for a bench warrant was insufficient to support the judge's finding that probable cause existed for the issuance of the warrant for his arrest on the charge of conspiracy.

The defendant's claim attacks the court's jurisdiction of his person. It is a claim that should have been made prior to the entry of a plea of guilty or not guilty. The failure to raise the claim of lack of jurisdiction of the person until after the entry of a plea of guilty or not guilty is strong evidence of a consent to the jurisdiction of the person or of a voluntary submission to the jurisdiction of the court over the person. *State* v. *Licari,* 153 Conn. 127, 129. It is necessary to raise a claim of lack of jurisdiction of the person prior to a plea on the merits if a waiver of any claimed illegality or a voluntary submission to the jurisdiction is to be avoided. *Reed* v. *Reincke,* 155 Conn. 591, 597. If the court has jurisdiction of the subject matter, as it has in the present case, the rule is generally recognized that, if an accused person is physically before the court on a proper accusatory pleading, any invalidity in his original arrest is immaterial. Id., 599.

"The proper way to raise an issue of an illegal arrest is by a plea to the jurisdiction. In proper sequence, such a pleading must precede the joinder of issue on the information by a plea of not guilty or guilty. The effect of the failure to make such a plea to the jurisdiction is to waive the question of the jurisdiction of the person." Ibid. "Proof of waiver of the illegality of an arrest and consent to the jurisdiction of the person can, and indeed does, in the absence of some mitigating factor not present here, rest on the record of the plea of guilty or not guilty." Id., 601; see *State* v. *Orsini,* 155 Conn. 367, 378; *State* v. *DiBella,* 157 Conn. 330, 334.

The requirement that a claimed lack of jurisdiction of the person of a defendant should be raised prior to the entry of a plea of guilty or not guilty has been widely known to the bar at least since shortly after the decision of *State* v. *Licari,* supra, on November 9, 1965. The defendant in this case pleaded not guilty to the information on July 30, 1969, which was thirty-seven days after his arrest. Prior to that date, on July 22, 1969, counsel for the defendant filed an application to reduce bail and a motion for a bill of particulars and production of evidence, both of which were heard by the court *(MacDonald, J.)* and decided on July 30, 1969, the same day the defendant pleaded not guilty. The record does not disclose, nor does defendant's counsel suggest, any mitigating factors, or any way by which there was any prejudice or denial of due process of law. The instant motion was not timely filed, and therefore must be denied.

The defendant's invocation of § 499 of the Practice Book is without merit. That section has no application to the issue of the jurisdiction of the court over the person of the defendant which the instant motion seeks to raise. Nor is resort to

§ 54-56 of the General Statutes, also invoked by the defendant, an appropriate or proper method to raise that issue. The decisions of the Supreme Court of this state have clearly and explicitly set forth the proper procedure to be followed, and the defendant failed to comply with that procedure without showing any good cause for that failure.

The motion is denied.