[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR RECONSIDERATION OF ORDER SUSTAINING OBJECTION TO MOTION TO SET ASIDE DEFAULT FOR FAILURE TO PLEAD
The plaintiff and defendants Michael Davino and Domenic Davino have differing understandings of the procedural history of the above-captioned case; and this disagreement has resulted in a flurry of pleadings concerning these defendants' right to pursue a motion to dismiss instead of an answer to the complaint. In the interest of avoiding any further need to reconstruct the procedural record to date, this court will set forth the basis for its conclusion that defendants Michael Davino and Domenic Davino must file an answer.
The case against these two defendants commenced with abode service on them on June 1, 1999. The return day specified was June 29, 1999. Practice Book § 10-8 provides that "(c)ommencing on the return day of the writ, summons and complaint in civil actions, pleadings, including motions and requests addressed to the pleadings, shall first advance within thirty days from the return day . . ." On February 8, 2000 the plaintiff filed a motion for default for failure to plead. The court granted the motion on February 9, 2000, as defendants Michael Davino and Domenic Davino had filed no pleading. On February 28, 2000, these defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction. On March 10, 2000, they filed a motion to set aside the default, alleging that their Motion to Dismiss had been timely because it was filed within thirty days from the filing of appearance on their behalf. The defendants asserted that the default had been entered erroneously because the time to plead had not expired. This observation was incorrect, since the text of Practice Book § 10-8 requires a pleading within thirty days of the return day, not within thirty days of the date of filing an appearance.
The plaintiff objected to the opening of the default, noting that these defendants had expressed the expectation that they would, upon the opening of the default, be free to engage in dilatory pleadings instead of filing an answer to the complaint. By an order dated April 10, 2000, this court overruled the objection as moot, since another judge had already granted the motion to open the default. This court noted that these defendants are limited to filing an answer, pursuant to Practice Book § 17-32.
Unlike a motion to dismiss based on lack of subject matter jurisdiction, a motion to dismiss based on lack of personal jurisdiction may be waived by failure to assert it in accorance with the procedural rules. Craig v. Bronson, 202 Conn. 93, 101 (1987); Reed v. Reincke,155 Conn. 598 (1967).
Conclusion
Contrary to the statements made in the motion to reconsider, the default was entered for failure to plead, not for noncompliance with CT Page 6479 discovery. Practice Book § 17-32 is therefore applicable, and the movants, having failed to file a timely pleading, have waived the right to file dilatory pleadings and must file an answer to the complaint.
 ___________________ Beverly J. Hodgson Date Judge of the Superior Court